**UNITED STATES, Appellee,**

v.

**Specialist Four Hubert L. COX, Jr., SSN 226–88–1928, United States Army, Appellant.**

**SPCM 20735.**

U.S. Army Court of Military Review.

10 Dec. 1984.

Lieutenant Colonel William P. Heaston, JAGC, Captain Robert S. Johnson, JAGC, and Captain Neil R. Porter, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Thomas J. Benjamin, JAGC, were on the pleadings for appellee.

Before SU-BROWN, YAWN and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

YAWN, Judge:

Appellant was tried on 29 March 1984 by a military judge sitting as a special court-martial for wrongful appropriation of a Government vehicle, wrongful possession and use of marijuana in the hashish form, and violation of a regulation by possessing drug paraphernalia, violations of Articles 121, 134, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934, and 892 (1982), respectively. He entered pleas of guilty to all offenses and was sentenced to reduction to E–1, confinement at hard labor for 60 days and a bad-conduct discharge. The convening authority approved the sentence.

During sentencing, three noncommissioned officers and appellant's company commander, Captain Longo, testified favorably for appellant. After Captain Longo's testimony, the following transpired:

DC: Your Honor, if it please the court, while I was interviewing Captain Longo a few brief minutes before entering the courtroom, he spontaneously expressed a concern to me over what would happen if Colonel Jenkins, who is one of his superiors, found out he was testifying for the accused today. He indicated to me that he was going to testify the way he felt anyway, because that's the way he is, but he indicated some concern for how Colonel Jenkins would rate him if Colonel Jenkins found out he testified, and he wanted to know if these proceedings would come to Colonel Jenkins' attention.

In debating within my own mind how best to handle that, I think it's something I just have to bring to the court's attention here and leave it with the court, I think, for their own inquiry of Captain Longo as to this matter.

MJ: First of all, who is Colonel Jenkins?

TC: Colonel Jenkins is the Brigade Commander for 42d Field Artillery Brigade, Your Honor, and I might note for the court that this is the first time I have heard such a thing, and I personally interviewed him, and he showed absolutely no reluctance whatsoever with regards to testifying.

MJ: You're referring now to "him" by Captain Longo?

TC: Captain Longo, yes. Perhaps if we could have a short recess this thing could be resolved.

MJ: First of all, I would ask the defense counsel whether Captain Longo appeared to have shaded his testimony in any way whatsoever?

DC: No, he did not, Your Honor, and I will clarify that. I understand I probably have not made this as clear as I have intended to. I do not have any doubt that Captain Longo testified truthfully and gave a truthful opinion. But in light of what's been going on in the 3d Armored Division, I thought it best to bring it to the attention of the military judge to question him about

why he feels that concern, since command influence is a matter that's, of course, of great interest right now in this area.

MJ: Very well. Captain Matzkind, did you request a brief recess?

TC: Yes, Your Honor.

MJ: Very well. Court will be in recess until approximately 1130 hours.

Court is in recess.

[The court recessed at 1120 hours, 29 March 1984.]

[The court was called to order at 1135 hours, 29 March 1984.]

MJ: Court will come to order.

TC: All parties present when the court recessed are again present in court.

DC: Your Honor, during the recess, Captain Matzkind and I interviewed Captain Longo and determined that the remarks he made to me during my interview arose on the basis of a misconception that had arisen during his earlier interview with Captain Matzkind. It appears that there has been no command influence exercised by any commander, Colonel Jenkins or otherwise, on Captain Longo. It appears that he testified in court today truthfully and did not shade his testimony in any way, and that Captain Matzkind and I are in agreement that there is no problem with command influence or the perception of command influence, nor prosecutorial misconduct, I might add.

No further inquiry was made into the matters except to establish that appellant's unit was not a part of the 3d Armored Division but attached only for court-martial purposes.

Appellant now requests that we order a hearing pursuant to *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to resolve whether unlawful command influence affected his trial. Appellant contends the military judge erred by failing, *sua sponte,* to make a judicial determination as to the existence of command influence. We disagree.

■ Once the spectre of unlawful command influence is raised, a presumption of prejudice arises. *See United States v. Johnson,* 14 U.S.C.M.A. 548, 34 C.M.R. (1964); *United States v. Treakle,* 18 M.J. 646 (A.C.M.R.1984); *United States v. Schroeder,* 18 M.J. 792 (A.C.M.R.1984). We hold under the facts of this case, however, that the issue of unlawful command influence was insufficiently raised to trigger such a presumption. Although this case was tried in the 3d Armored Division, it was tried after Major General Anderson departed the command. *See United States v. Treakle,* 18 M.J. at 649–52, for a discussion of the unlawful command influence present in the 3d Armored Division during the time General Anderson was in command. General Anderson neither referred this case for trial nor took action on it. Accordingly, the findings and conclusions of this court regarding command influence in the 3d Armored Division, as discussed and applied in *Treakle* and its progeny, do not apply here.

■ When confronted with defense counsel's initial comment about Captain Longo's testimony, the military judge could have recalled the witness and inquired into the matter. Instead, he elected to recess the court and allow counsel to pursue the issue. We hold that the military judge did not abuse his discretion in choosing the latter course. When the court was reconvened and defense counsel assured the court that Captain Longo's remarks to him had arisen as a result of a misunderstanding, no additional action was required. Both counsel asserted at trial that unlawful command influence had no effect on the trial, and appellant has made no assertions to this court to the contrary. We find no error on the part of the military judge.

We have also considered appellant's remaining assignments of error, to include the error personally raised by appellant, and find them to be without merit.

The findings of guilty and the sentence are affirmed.