UNITED STATES, Appellee,

v.

Private E-1 Christopher P. SCHROE-
DER, SSN 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, United
States Army, Appellant.

SPCM 18935.

U.S. Army Court of Military Review.

24 Aug. 1984.

Lieutenant Colonel William P. Hcaston, JAGC, Major Edwin D. Selby, JAGC, and Captain Audrey H. Liebross, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Captain Thomas J. Benjamin, JAGC, and Captain Karen A. Charbonneau, JAGC, were on the pleadings for appellee.

Before SUTER, McKAY and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

McKAY, Senior Judge:

The appellant, Private Schroeder, was tried on 20 December 1982 by a military judge sitting as a special court-martial in Germany. He pleaded guilty and was convicted of wrongful distribution of marijuana (hashish) and wrongful possession of

17.5 grams of marijuana (hashish).[1] He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $382.00 pay per month for three months. On 13 January 1983, the convening authority approved the sentence, but, as required by the terms of the pretrial agreement, suspended the confinement in excess of 75 days. On 26 July 1983, this Court affirmed the findings and sentence. On 5 January 1984, the United States Court of Military Appeals remanded the case to this Court for consideration of issues concerning alleged unlawful command influence by the Commander, 3d Armored Division, raised for the first time before that Court. In the unlawful command influence issues now before this Court, the appellant contends that the convening authority, Major General Thurman E. Anderson, was disqualified from taking initial action in his case because he discouraged favorable testimony in extenuation and mitigation, that he was denied a fair sentencing proceeding because of General Anderson's unlawful influence or the perception thereof, that General Anderson's illegal actions pervaded and affected every stage of the proceedings, and that the unlawful command influence chilled his rights to a trial by members and to plead not guilty.

This Court recently considered *en banc* the issue of illegal command influence in the 3d Armored Division and found there was evidence of its presence resulting from the conduct of General Anderson. *United States v. Yslava*, 18 M.J. 670 (ACMR 1984); *United States v. Treakle*, 18 M.J. 646 (ACMR 1984).

In *Treakle*, we held that Article 37, Uniform Code of Military Justice, 10 U.S.C. § 837 (1982), prohibits coercion or unauthorized influence on actual or prospective witnesses with respect to the content of their testimony and that such unlawful conduct triggers a rebuttable presumption that the recipient was influenced. Although there was persuasive evidence that

Treakle was not deprived of favorable character evidence by General Anderson's conduct, we assumed that witnesses were in fact influenced not to give favorable character evidence. We found, nevertheless, that the record in *Treakle* demonstrated by clear and positive evidence that the appellant in that case would have entered a guilty plea with or without additional character evidence and that his pleas were provident. We will examine the record here in the light of the teachings of *Treakle*.

I. Findings of Guilty

The record in this case establishes that Private Schroeder persuaded an acquaintance, Sergeant Bigler, to drive him from their barracks into the city of Frankfurt. Bigler was directed to a park where Schroeder met a girl from whom he purchased some hashish. Schroeder returned to the car and he and Bigler started back to their barracks. While stopped at a traffic light, Schroeder gave a piece of hashish to Bigler who, upon discovering what it was, stated he did not want it and threw it onto the car's dashboard. They were immediately thereafter apprehended by German police who had followed their car because of a traffic violation.[2] The German police seized the hashish Schroeder had recently purchased. Sergeant Bigler subsequently executed a sworn statement implicating the appellant. Faced with this evidence in the hands of the prosecution, Schroeder initiated and entered into a pretrial agreement to plead guilty in return for a promise that the convening authority would suspend any confinement in excess of 75 days.

Assuming here as we did in *Treakle*, that unlawful command influence deprived Private Schroeder of character witnesses on findings, we find there is no reasonable possibility that the availability or unavailability of such witnesses was a factor in Schroeder's plea decision. Considering the availability of strong evidence of guilt, the benefits he derived from the pretrial agreement, and the mitigating val-

1. In violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982).

2. This according to a police report accompanying the record of trial.

ue of a plea of guilty, we are convinced that Schroeder would have entered a negotiated plea with or without character witnesses. We hold that his pleas of guilty were therefore unaffected by the presence of unlawful command influence. We are also satisfied that his pleas were provident. The appellant's decision to plead guilty removed any election he had with respect to the trial forum and we therefore find no merit to his contention that General Anderson's comments chilled his right to trial by members. We will affirm the findings.

## II. The Sentence

Turning to the sentencing part of the trial, the record reveals that the prosecution presented two records of punishment under Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815, indicating that the appellant possessed marijuana in the hashish form in March and August 1982. These records were admitted into evidence without objection and the prosecution rested. The appellant then made an unsworn statement in which he acknowledged his wrongdoing and stated it was a mistake resulting from his immaturity. He added that he believed himself to be a good soldier, a hard worker, and that he wanted to remain in the Army. He exonerated Sergeant Bigler. Other than short arguments by counsel for both sides, nothing else was presented.

Notably absent from the sentencing proceedings was the testimony, on the appellant's behalf, of officers or noncommissioned officers from Private Schroeder's chain of command. The record provides no explanation for the absence of defense witnesses during sentencing.

It would be easy to speculate that with Schroeder's past record of involvement with marijuana there were simply no officers or noncommissioned officers to be found who would testify favorably on his behalf, or even if such witnesses were available and they gave favorable testimony the sentence would have been unaffected. We will not, however, engage in such

speculation. Unlawful command influence by the convening authority was present in the 3d Armored Division, *see United States v. Yslava*, 18 M.J. 670 (ACMR 1984); *United States v. Treakle*, 18 M.J. 646 (ACMR 1984), and the conduct challenged by the appellant in this case is the same as that which we found to be unlawful in the cited cases. Not only was unlawful command influence exercised by General Anderson, but, in at least one instance, a defense witness was induced by the general's comments to give testimony less favorable to the accused than he would otherwise have given. In *United States v. Hill*, 18 M.J. 757, (ACMR 1984), the court found that a noncommissioned officer—who was aware of the statements of General Anderson, had heard his battalion commanders's interpretation of those statements, and, thereafter, as a defense witness during the sentencing part of a court-martial expressed reluctance to testify regarding whether Hill should be retained in the Army—had been improperly influenced.

This Court will not be blind to the cited decisions and they are controlling in this case. The existence, or even the appearance, of unlawful command influence in a case provides a rebuttable presumption of prejudice. *United States v. Johnson*, 14 U.S.C.M.A. 548, 34 C.M.R. 328 (1964); *United States v. Treakle*, 18 M.J. 646 (ACMR 1984). Coercion or unauthorized influence of actual or prospective witnesses with respect to their testimony is a violation of Article 37, Uniform Code of Military Justice, and therefore unlawful command influence. *United States v. Treakle*, 18 M.J. 646 at 656 (ACMR 1984). Regarding the 3d Armored Division, we are aware that not only did General Anderson address members of his command on numerous occasions regarding testifying at courts-martial and that he was perceived as discouraging favorable character testimony by many who heard him, but also that the testimony of a noncommissioned officer in the *Hill* case was restrained as a result of the general's comments. We hold that where, as here, pervasive unlawful influence of wit-

nesses has been established, and there is no evidence or explanation in the record for the failure of defense witnesses to appear, we will presume that favorable witnesses have been influenced to the prejudice of the appellant. Once the presumption is raised it must be rebutted by the prosecution. The government failed in that obligation in this case and we will therefore order a rehearing on the sentence.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by a different convening authority.

Chief Judge SUTER concurs.

Judge WATKINS did not participate in this decision.