OPINION OF THE COURT
McKAY, Senior Judge:
Specialist Five Alexander was convicted of distribution of marijuana in the hashish form on two different occasions.[1] The convening authority approved the adjudged sentence to be reduced to the grade of E-l, to forfeit all pay and allowances, to be confined at hard labor for 10 years, and to be dishonorably discharged. Alexander now contends the military judge erred by failing to dismiss the charges because of unlawful command influence and, secondly, by failing to conduct a full investigation into his allegations of unlawful command influence. We agree that the military judge’s disposition of the defense motion to dismiss because of unlawful command influence in this case was erroneous and requires corrective action.
In a pretrial hearing under Article 39(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 839(a), the civilian trial defense counsel moved “to dismiss the charge and both specifications thereunder because there has been undue command influence attempted to be exercised.” He also stated a desire to call a Sergeant First Class Wilson to testify in support of this contention. When asked by the military judge for the basis of his motion, the defense counsel stated that attempts had been made to warn defense witnesses that it would be detrimental to their careers to “testify for a person who is accused.” When pressed *470 for further information, the defense counsel was unable to. provide the military judge with anything more specific. He responded, however, that no person had refused to talk to him or stated his testimony had been influenced or changed by any attempted pressure. The military judge then asked the defense counsel if he wanted to present any evidence adding: “the only evidence I am going to put any weight on is somebody that comes in and says, ‘I’ve changed my testimony based upon somebody telling me that it is going to hurt my career if I testify for Alexander.’ ” The defense counsel replied that he had no evidence to that effect.
Unfortunately for the government, at that point the trial counsel opined that the defense was referring to an incident litigated in another case [Snow] recently tried before the military judge. The judge replied that he would “take judicial notice of the Snow case” in which “a series of witnesses on an alleged command influence issue” testified. He then related the essential portion of the testimony given at the Snow trial on the issue of command influence and stated that he had ruled there was “no command influence in the Snow case because no witness’ [sic] testimony had been influenced.” The appellant’s motion was then denied by the military judge.
The question presented by the assigned errors is whether the issue of unlawful command influence has been raised to the level of a factual dispute. The short answer is no — but that is because of the military judge’s unduly restrictive ruling that effectively deprived the appellant of the opportunity to litigate his motion.
We hold that the deprivation of the opportunity in this case to present evidence on the issue of unlawful command influence constitutes prejudicial error. Unlawful command influence may assume many forms, United States v. Karlson, 16 M.J. 469 (C.M.A.1983), and affect any person involved in the court-martial process. United States v. Johnson, 14 U.S.C.M.A. 548, 34 C.M.R. 328 (1964) (court members); United States v. Hughes, 43 C.M.R. 750 (A.C.M.R.1970) (military judge); United States v. Hardy, 4 M.J. 20 (C.M.A.1977) (subordinate convening authority); United States v. Hawthorne, 7 U.S.C.M.A. 293, 22 C.M.R. 83 (1956) (subordinate commanders). In this case, it appears that the defense motion related to conduct directed towards potential defense witnesses. If established, that too would constitute unlawful command influence as any evidence of coercion or unauthorized influence on actual or prospective witnesses would be a violation of Article 37, UCMJ, 10 U.S.C. § 837. United States v. Treakle, 18 M.J. 646 (A.C.M.R.1984).
In any case an allegation of unlawful command influence is a serious matter that must “be resolved in a manner that will foster public confidence in court-martial proceedings.” United States v. Rodriguez, 16 M.J. 740, 742 (A.F.C.M.R.1983). Even the appearance of unlawful command influence must be avoided. United States v. Rosser, 6 M.J. 267 (C.M.A.1979). Either the appearance or the existence of unlawful command influence triggers a rebut-table presumption that the recipient of the unlawful pressure was influenced and the accused prejudiced. United States v. Johnson, 14 U.S.C.M.A. 548, 34 C.M.R. 329 (1964); United States v. Treakle, 18 M.J. at 657. The burden of rebutting the presumption is, of course, upon the government, United States v. Rosser, 6 M.J. at 272, and any doubt must be resolved in favor of the accused. United States v. Kitchens, 12 U.S.C.M.A. 589, 594, 31 C.M.R. 175, 180 (1961). In this case, when the appellant attempted to produce evidence to support his claim of unlawful command influence, the military judge should have allowed him the opportunity to do so as provided for in paragraph 67e, Manual for Courts-Martial, United States, 1969 (Revised edition) (superseded by RCM 801(e), 1 Aug 1984). See United States v. Hill, 18 M.J. 757 (A.C.M.R.1984). Only in this manner could the allegations be promptly and thoroughly developed factually so as to allow for a resolution of the issue by the military judge which would protect and sat *471 isfy the interests of the parties and the public.
We find also that the appellant was further prejudiced when the military judge took “judicial notice of the Snow case”[2] and related the content of some of the testimony in that case on the issue of unlawful command influence and his previous ruling there that none had occurred. Reliance by the military judge upon evidence developed at another trial where the appellant was not present does not satisfy the due process requirements established by the United States Court of Military Appeals for resolving questions of unlawful command influence. United States v. Karlson, 16 M.J. 469, 474 (C.M.A.1983). Accordingly, in ruling on the appellant’s motion to dismiss the military judge relied upon improperly considered evidence.
For the reasons noted, we have no alternative but to return the case to The Judge Advocate General for action in accordance with that ordered in United States v. Du-Bay, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).
The record of trial in this case is ordered returned to The Judge Advocate General of the Army for such action as is required to conduct a limited hearing into alleged unlawful command influence. The hearing may be ordered by any convening authority designated by The Judge Advocate General for that purpose and will be conducted by a military judge detailed by appropriate authority. If a convening authority so designated determines a limited hearing is not practical, the findings of guilty may be set aside and the charges dismissed by the convening authority. If a-limited hearing is ordered, both the appellant in this ease and the United States will be represented by counsel. Witnesses will be called and documents will be considered as appropriate. At the conclusion of the hearing, the military judge will make specific findings as to what transpired with respect to the allegation of unlawful command influence raised by the appellant’s motion at the trial of this case. The military judge will issue orders and rulings as appropriate. The record will then be presented to the convening authority for appropriate action under Article 60, UCMJ, 10 U.S.C. § 860.
Judge WATKINS and Judge LYMBURNER concur.

. He was convicted by a general court-martial with members of two specifications of wrongful distribution of hashish in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982).

. We are not sure what the judge meant by this, nor are we aware of any authority for his action. See United States v. Tucker, 17 M.J. 519, 522 n. 2 (A.F.C.M.R.1983).