**UNITED STATES, Appellee,**

v.

**Specialist Four Gary A. BAKKEN, 561–17–3071, United States Army, Appellant.**

**SPCM 20175.**

U.S. Army Court of Military Review.

13 Dec. 1984.

---

Lieutenant Colonel William P. Heaston, JAGC, Major Robert M. Ott, JAGC, Captain Rita R. Carroll, JAGC, Captain Michael D. Grahan, JAGC, Captain Harry L. Williams, Jr., JAGC, and Captain Craig E. Teller, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Captain Robert C. Erickson, Jr., JAGC, and Captain John F. Burnette, JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

In accordance with his pleas, appellant was convicted at a bench trial held on 30 September 1983 of three specifications involving distribution and possession of hashish in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). The military judge sentenced him to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $382.00 pay per month for six months, and reduction to Private E–1. Pursuant to a pretrial agreement, the convening authority suspended for six months the confinement in excess of ninety days but approved the remainder of the sentence.

Within the general framework of appellant's allegation of unlawful command influence on the part of the convening authority, Major General Thurman E. Anderson, are four specific issues: (1) Whether the convening authority was disqualified from referring to trial either any case because of injudiciousness or this case because of personal bias or interest; (2) Whether appellant's pleas of guilty were improvident because the convening authority's actions had the effect of denying appellant favorable character witnesses on the merits; (3) Whether appellant's sentence was tainted because the convening authority's actions had the effect of denying appellant favorable character witnesses on sentencing; (4) Whether the convening authority was disqualified from reviewing and acting on the case because of an inelastic predisposition to approve punitive discharges. Under the circumstances of this case, only the third of these issues warrants resolution in appellant's favor.

■ For the reasons set forth by this Court in *United States v. Treakle,* 18 M.J. 646, 654 (ACMR 1984) (en banc), we hold that the convening authority was not disqualified from referring this case to trial.

■ We also hold that appellant's pleas were provident. Assuming, as we did in *Treakle, supra,* that unlawful command influence deprived appellant of favorable character witnesses, we perceive no reasonable possibility that the availability or nonavailability of any such witnesses impacted upon appellant's decision to plead guilty.

Upon examination of the plea inquiry and the detailed stipulation of fact employed by the judge during the conduct of the inquiry, we are satisfied that appellant's decision to plead guilty was motivated by the terms of his pretrial agreement, the strength of the Government's case and the inherent mitigating value of appellant's plea. *See United States v. Treakle, supra* at 657–8; *United States v. Schroeder,* 18 M.J. 792, 793 (ACMR 1984).

■ Conversely, we are not convinced that the adjudged sentence was unaffected by unlawful command influence. In determining this issue, each case must be resolved on the basis of circumstances peculiar to it. In *United States v. Schroeder, supra,* a case wherein the appellant pled guilty but no witnesses testified for him during presentencing, we held that:

It would be easy to speculate that with Schroeder's past record of involvement with marijuana there were simply no officers or noncommissioned officers to be found who would testify favorably on his behalf, or even if such witnesses were available and they gave favorable testimony the sentence would have been unaffected. We will not, however, engage in such speculation.... [W]here, ... pervasive unlawful influence of witnesses has been established, and there is no evidence or explanation in the record for the failure of defense witnesses to appear, we will presume that favorable witnesses have been influenced to the prejudice of the appellant.

*Id.* at 794. The case before us is somewhat distinguishable in that one witness did testify on appellant's behalf. The individual, a staff sergeant serving as appellant's section leader, testified that he had observed appellant's performance of duty for six months and found him to be an outstanding soldier with whom he would be willing to serve during wartime. On cross-examination, this witness proved to be unconvincing as he acknowledged being unaware of appellant's drug dealings. Additionally, there was evidence that appellant had two records of nonjudicial punishment in his personnel file and, by his own admission, had clashed with his superiors in other units. Nevertheless, we hold this evidence is insufficient to rebut the presumption that General Anderson's improper influence deprived the appellant of favorable character witnesses.

General Anderson's message concerning character testimony was directed to commanding officers and senior non-commissioned officers. *See United States v. Treakle, supra* at 649. Although that message was further transmitted in a letter to all noncommissioned officers by the Division Command Sergeant Major, we must presume as a minimum that the General's influence discouraging character testimony extended to those of his subordinates to whom the comments were directed—leaders of the chain of command. While it is conceivable that the Government could have shown that these senior individuals were unaffected by the General's actions, it has not done so in this case merely through the impeached testimony of a lower echelon supervisor.[1]

The remaining issue concerning the convening authority's disqualification to review and act on the case is rendered moot.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by a different convening authority.

Judge PAULEY concurs.

Senior Judge MARDEN did not participate in the decision of this case.

---

1. Examples of successful rebuttal of the presumption are manifested in *United States v. Southers,* 18 M.J. 795 (ACMR 1984), and *United States v. Stokes,* 19 M.J. 781 (ACMR 1984).