UNITED STATES, Appellee,

v.

Private E-1 Gilbert P. ABELON,
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, United States
Army, Appellant.

CM 444410.

U.S. Army Court of Military Review.

21 Dec. 1984.

Lieutenant Colonel William P. Heaston,
JAGC, Major Edwin D. Selby, JAGC, Captain Gunther O. Carrle, JAGC, and Captain
Donna Chapin Maizel, JAGC, were on the
pleadings for appellant.

Colonel James Kucera, JAGC, Captain
Samuel J. Rob, JAGC, and Captain Michael
W. Hoadley, JAGC, were on the pleadings
for appellee.

Before McKAY, WATKINS, and LYM-
BURNER, Appellate Military Judges.

OPINION OF THE COURT

McKAY, Senior Judge:

The appellant was tried on 26 April 1983
by a military judge sitting as a general
court-martial convened by the Commander,
3d Armored Division, Major General Thurman E. Anderson. The appellant pleaded
guilty to and was convicted of larceny of
government property (two specifications),
housebreaking, making a false sworn statement, absence without leave, possession of
drug paraphernalia in violation of a regulation, escape from custody, negligently damaging military property, aggravated assault (two specifications), and possession
and use of marijuana (alleged in a single
specification), in violation of Articles 121,
130, 134, 86, 92, 95, 108, and 128, Uniform
Code of Military Justice, 10 U.S.C. §§ 921,
930, 934, 886, 892, 895, 908, and 928 (1982)
[hereinafter cited as UCMJ]. Contrary to
his pleas, the appellant was also convicted
of conspiracy to commit larceny of government property, larceny of government

property, and housebreaking, in violation of Articles 81, 121, and 130, UCMJ. He was sentenced by the military judge to a dishonorable discharge, confinement at hard labor for three years, and forfeiture of all pay and allowances. General Anderson, acting pursuant to a pretrial agreement, approved the sentence, and suspended for twelve months the execution of that portion adjudging confinement at hard labor in excess of eighteen months.

The appellant contends, *inter alia,* that General Anderson was disqualified from taking action in this case because he discouraged favorable testimony by witnesses in extenuation and mitigation and because he intended to influence the outcome of cases he referred to trial; that he, the appellant, was denied a "fair proceeding"; and that General Anderson's conduct disqualified him from acting as a "judicial official" within the 3d Armored Division. Although we do not find General Anderson's actions disqualified him from referring a case to trial,[1] we do find that certain remarks made by General Anderson create the appearance that the appellant's trial was affected by unlawful command influence. We also find, based upon affidavits admitted as appellate exhibits in this case, that serious questions have been raised concerning General Anderson's ability to review and take action on the appellant's case.

In *United States v. Treakle,* 18 M.J. 646 (ACMR 1984) (en banc), this Court found unlawful command influence was present in the 3d Armored Division during the time General Anderson was in command. *See also United States v. Hill,* 18 M.J. 757 (ACMR 1984); *United States v. Yslava,* 18 M.J. 670 (ACMR 1984) (en banc). The unlawful influence consisted of statements made by General Anderson to officers and senior noncommissioned officers within the 3d Armored Division which were understood by many to discourage favorable character testimony. *See United States v. Thompson,* 19 M.J. 690 (ACMR 1984); *United States v. Treakle,* 18 M.J. at 657.

Having determined that General Anderson's conduct amounted to unlawful command influence, we have held that an accused tried within the 3d Armored Division during General Anderson's tenure as commander shall receive the benefit of a rebuttable presumption that he was deprived of favorable character witnesses. *See, e.g., United States v. Thompson,* 19 M.J. 690 (ACMR 1984); *United States v. Schroeder,* 18 M.J. 792 (ACMR 1984); *United States v. Treakle,* 18 M.J. 646 (ACMR 1984).

In analyzing whether the presumption of prejudice has been rebutted in this case, we note that no character witnesses appeared on the appellant's behalf, either during the trial of the charges to which the appellant pleaded not guilty or during the sentencing portion of the court-martial. Our review of the charges and of the trial does not permit us to conclude that character testimony of any nature would have been inadmissible, and we will not speculate as to what effect, if any, favorable character evidence might have had on the military judge as the trier of fact. Character evidence would clearly have been admissible during the sentencing phase of the trial. Manual for Courts-Martial, United States, 1969 (Revised edition), para. 75c. The record provides no explanation for the absence of character testimony. The presumption that the appellant was prejudiced by General Anderson's actions remains unrebutted when the record of trial does not explain the absence of defense witnesses. *United States v. Thompson* at 693; *United States v. Schroeder,* 18 M.J. 792, 795 (ACMR 1984). We therefore cannot affirm the findings of guilty of those offenses to which the appellant pleaded not guilty or the sentence. For reasons discussed herein, neither can we, at this time, affirm the findings of guilty entered pursuant to the appellant's pleas of guilty.

In support of his argument that General Anderson deliberately attempted to influence the outcome of courts-martial within his jurisdiction, the appellant has submitted

---

**1.** *See United States v. Treakle,* 18 M.J. 646, 654–55 (ACMR 1984).

the affidavit of Lieutenant Colonel Mueller, procured after the Court's decision in *Treakle*. In opposition to the appellant's argument, the government has submitted the affidavit of Colonel Bozeman, General Anderson's Staff Judge Advocate.[2]

Construing Lieutenant Colonel Mueller's affidavit in a manner most favorable to the appellant, we find it does not affect our determination that General Anderson was qualified to refer appellant's case to trial. *See United States v. Treakle*, 18 M.J. at 654–55. Considering the two affidavits together, however, we find they do raise questions concerning General Anderson's ability to review and act on cases. *United States v. Thompson*, at 694. As the Court concluded in *Thompson*, we find that the preferred forum for ascertaining the facts necessary to resolve these questions in this case is an adversary proceeding. *See United States v. Karlson*, 16 M.J. 469 (CMA 1983).

The record of trial is returned to The Judge Advocate General for such action as is required to conduct a limited hearing ordered by a different convening authority. At the hearing the military judge will receive all available evidence bearing on the following issues:

1. Was the appellant deprived of favorable character testimony because of remarks by Major General Thurman E. Anderson concerning testimony at courts-martial?

2. If the appellant was not deprived of favorable character witnesses, was Major General Thurman E. Anderson disqualified from reviewing and acting on the appellant's case?

The military judge will hear the respective contentions of the parties, permit the presentation of witnesses and evidence, issue orders and rulings as are appropriate, and enter findings of fact and conclusions of law with respect to the two issues listed above. In addition to the preceding questions, the military judge shall address any additional questions or issues that may arise during this hearing which he determines are material or relevant to the overall issue of unlawful command influence.

If the military judge determines that the proceedings by which the appellant was originally tried were influenced by unlawful command influence, he will return the record to the convening authority who will: (1) set aside the findings and sentence and either dismiss the charges or order a rehearing, or (2) take other appropriate action.[3]

If the military judge determines that command influence did not affect the appellant's trial but that General Anderson was not qualified to review and act on the appellant's case, he will return the record to the convening authority who will set aside the action by General Anderson and take a new initial action. If the military judge determines that General Anderson was qualified to review and act on the appellant's case, he will return the record to the convening authority who will review those findings and take appropriate action thereon, in accordance with Articles 61 and 64, UCMJ, 10 U.S.C. §§ 861, 864.

In the event the convening authority to whom this case is referred deems a limited hearing on the issues of command influence and General Anderson's qualifications to review and act on the appellant's case impracticable, he will: (1) set aside the findings and sentence and either order a rehearing or dismiss the charges, or (2) take other appropriate action with respect

---

**2.** For a discussion of the content of these affidavits, see *United States v. Thompson*, 19 M.J. 690 (ACMR 1984).

**3.** This Court has repeatedly held that where the record of trial supports a finding that an accused's decision to plead guilty was motivated by considerations other than whether he would be able to receive a trial unaffected by command influence and where the pleas of guilty were providently made, the findings of guilty entered pursuant to those pleas may be affirmed. *See, e.g., United States v. Schroeder*, 18 M.J. 792 (ACMR 1984); *United States v. Hill*, 18 M.J. 757 (ACMR 1984); *United States v. Yslava*, 18 M.J. 670 (ACMR 1984); *United States v. Treakle*, 18 M.J. 646 (ACMR 1984).

to any charges not affected by unlawful command influence.[4]

Judge LYMBURNER concurs.

Judge WATKINS did not participate in this decision.

**4.** See footnote 3. Under any circumstances, the action taken by General Anderson must be set aside and a new review and action taken if no limited hearing is held on the issue raised by the Mueller-Bozeman affidavits.