**UNITED STATES, Appellee,**

v.

**Sergeant Randy M. SERRANO, 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, United States Army, Appellant.**

**CM 446036.**

U.S. Army Court of Military Review.

28 Feb. 1985.

---

**15.** Judge Robert E. Cohen took final action in this case prior to his retirement from active service.

Lieutenant Colonel William P. Heaston, JAGC, Major Lawrence F. Klar, JAGC, and Captain Wendell A. Hollis, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Garreth E. Shaw, JAGC, were on the pleadings for appellee.

Before McKAY, WATKINS, and LYM-BURNER, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Senior Judge:

This is yet another case arising within the 3d Armored Division that the appellant contends is tainted by unlawful command influence.[1] This Court has examined that issue in numerous cases and has determined that unlawful command influence was present in the division during the time it was commanded by Major General Thurman E. Anderson. *See United States v. Mitchell*, 19 M.J. 905 (ACMR 1985); *United States v. Abelon*, 19 M.J. 767 (ACMR 1984); *United States v. Treakle*, 18 M.J. 646 (ACMR 1984). This case, however, was tried without members after General Anderson relinquished command and he made no recommendation for disposition or otherwise acted on the case during the preferral or referral process.

During trial the appellant's counsel moved for dismissal of the charges because of the unlawful conduct of General Anderson and also because of an unrelated and isolated incident involving the appellant's battalion commander in the case of another soldier. The issue was thoroughly litigated at trial. The military judge found that there was no evidence of unlawful command influence affecting the appellant's case and denied the appellant's motion. The record supports the military judge.

■ We are satisfied that the litigation of the appellant's motion to dismiss all charges, because of unlawful command influence, at an Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a) (1982), session satisfied the fact-finding procedures required when the issue of unlawful command influence is raised. *See United States v. Karlson*, 16 M.J. 469 (CMA 1983); *United States v. Dubay*, 37 C.M.R. 411 (CMA 1967); *United States v. Alexander*, 19 M.J. 614 (ACMR 1984). The appellant had the opportunity to present evidence to support his motion and to cross-examine government witnesses. Although unlawful command influence by General Anderson was shown to have occurred, we find that by clear and convincing evidence the government established that this case was not affected by the General's conduct. *See United States v. Rosser*, 6 M.J. 267 (CMA 1979). Neither was it improperly affected by the conduct of the battalion commander. The mere fact that unlawful command influence existed in the 3d Armored Division in the past does not mean *ipso facto* that cases tried thereafter were adversely affected. Whether or not a particular case is affected is a factual matter to be determined in each instance. *United States v. Alexander, supra.* When the issue is raised at the trial level, it is the responsibility of the military judge to determine its merits. *Id.* That was accomplished in this case.

We have considered the remaining issues raised by the appellant and find them to be without merit.

■ One final matter remains. The appellant was arraigned on a third specification in the original charge in which he was charged with soliciting his wife to make a

1. The appellant was convicted of using and distributing marijuana and making a false statement under oath that he knew to be false in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). His sentence to a dishonorable discharge, forfeiture of all pay and allowances, reduction to Private E-1, and confinement at hard labor for two years was approved by the convening authority.

false sworn statement that he knew to be false. No plea was entered to this specification and no finding with respect to it was made by the military judge. We will take corrective action.

Specification 3 of the Charge is dismissed with prejudice. The findings of guilty and the sentence are affirmed.

Judge LYMBURNER concurs.

Judge WATKINS did not participate in this decision.