UNITED STATES, Appellee,

v.

Specialist Five Donald J. GIARRATANO, 478–78–8737, United States Army, Appellant.

SPCM 20588.

U.S. Army Court of Military Review.

12 April 1985.

---

period October-November-December 1983. The court-martial was convened by Major General Thurman E. Anderson, Commander, 3d Armored Division. Contrary to his plea Specialist Giarrantano was convicted of wrongfully distributing marijuana in the hashish form. The sentence extended to reduction to the grade of E-1, forfeiture of $100.00 pay per month for three months, confinement at hard labor for three months, and a bad-conduct discharge. After completion of the trial the case was transferred to Lieutenant General John D. Bruen, Commander, 21st Support Command, who took initial action and approved the adjudged sentence.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Captain Harry L. Williams, Jr., JAGC, and Captain Craig E. Teller, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis; JAGC, and Captain Samuel J. Rob, JAGC, were on the pleadings for appellee.

Before McKAY, LYMBURNER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION [1]

McKAY, Senior Judge:

The appellant was tried by a special court-martial without members during the

I

During the trial the appellant raised the issue of unlawful command influence by General Anderson. As appropriate relief he asked that a new referral be accomplished by a different convening authority, that court members be selected from outside the 3d Armored Division, and that the review be conducted by a convening authority outside the 3d Armored Division. At the resulting evidentiary hearings many witnesses appeared,[2] including General Anderson, and a great amount of testimony, covering some 1400 pages, was taken.[3]

After receiving and considering the extensively developed evidence on the appellant's motion, the military judge made special findings to include: (1) Major General Anderson was empowered to convene this case.[4] (2) General Anderson's oral comments and the oral comments and writings of certain of his subordinates constituted unlawful command influence. (3) The ap-

---

1. The Court reconsidered this case on its own motion under Rule 20 of its Rules of Practice and Procedure for the purpose of reissuing its previous memorandum decision in this Opinion of the Court.

2. From the record it appears that the appellant was allowed to call any witness with relevant information.

3. The record of trial in this case was admitted as an appellate exhibit in pleadings before this

Court in most, if not all, of the 3d Armored Division cases cited in this opinion, as well as in most other cases before this Court that involved the issue of unlawful command influence in the 3d Armored Division while General Anderson was Commander.

4. The appellant was assigned to a non-3d Armored Division unit that was attached to the division for purposes which included court-martial jurisdiction.

pellant's company commander, battalion commander and brigade commander, respectively, never attended any meetings at which General Anderson addressed testifying at courts-martial, or the preferral or referral of court-martial charges. (4) None of the appellant's commanders had any communication with General Anderson regarding charges pending against the appellant, that each of them submitted his own independent recommendations for referral of the charges to trial, and that none indicated any fear of adverse consequences or any reluctance to testify at the appellant's trial. (5) The appellant's chain of command was not affected in this case by unlawful command influence. The military judge nevertheless provided several remedies as relief to the appellant in order to assure him a fair trial. Among the remedies provided were: (1) The appellant was assured that a challenge for cause would be sustained against any member assigned to the 3d Armored Division prior to 4 March 1983.[5] (2) No unfavorable character evidence would be received against the appellant. (3) The military judge found General Anderson disqualified as reviewing authority.[6] After these rulings the appellant elected a bench trial.

■ On appeal before this Court, Specialist Giarratano asserts only that Major General Anderson was disqualified as a matter of law from referring his case to trial. We disagree, as the Court has decided this issue against the appellant in *United States v. Treakle*, 18 M.J. 646 (A.C.M.R. 1984) (en banc).

## II

■ General Anderson's conduct involved issues other than his competence to refer cases to trial. These issues have also been considered in our disposition of this case.

Over the past few months this Court has examined the issue of unlawful command influence in the 3d Armored Division in numerous cases and has determined it to have been present in the division during the time it was commanded by General Anderson.[7] *See United States v. Mitchell*, 19 M.J. 905 (A.C.M.R.1985); *United States v. Abelon*, 19 M.J. 767 (A.C.M.R.1984); *United States v. Treakle, supra; United States v. Yslava*, 18 M.J. 670 (A.C.M.R. 1984) (en banc), *pet. granted*, 19 M.J. 281 (C.M.A.1985). As a result of the Court's inquiry into this unfortunate episode we have found that General Anderson's conduct has adversely affected court members, *United States v. Mitchell, supra*, and witnesses, *United States v. Hill*, 18 M.J. 757 (A.C.M.R.1984). We have also found that because of pervasive unlawful command influence in the 3d Armored Division there was a presumption that an accused was deprived of character witnesses when none appeared and there was no explanation for the absence. *United States v. Abelon, supra; United States v. Schroeder*, 18 M.J. 792 (A.C.M.R.1984). We have also questioned General Anderson's ability to perform the post-trial functions of a convening authority. *United States v. Glidewell*, 19 M.J. 797 (A.C.M.R.1985); *United States v. Thompson*, 19 M.J. 690 (A.C.M.R.1984). Relief usually was provided in the form of an order for an evidentiary hearing of a type specified by the Court of Military Appeals in the case of *United States v. Dubay*, 37 C.M.R. 411 (C.M.A. 1967). We find no requirement for that type relief in this case.

We are satisfied that the litigation of the appellant's motions for appropriate relief at an Article 39(a), Uniform Code of Military

---

**5.** On this date General Anderson took initial remedial action to counteract the effects of his conduct later found to have been unlawful command influence.

**6.** The military judge acknowledged he was powerless to take action to require referral to another convening authority. General Anderson did in fact transfer the case to a different convening authority for review and initial action.

**7.** See *United States v. Treakle*, 18 M.J. 646 (A.C. M.R.1984) (en banc) for a discussion of the facts surrounding this issue.

Justice, 10 U.S.C. § 839(a) (1982), session, accomplished the fact finding procedures required when the issue of unlawful command influence is raised. *See United States v. Karlson*, 16 M.J. 469 (C.M.A. 1983); *United States v. Alexander*, 19 M.J. 614 (A.C.M.R.1984). The government, after appellant raised the issue of unlawful command control, met its burden of going forward with clear and convincing evidence that the referral process was not tainted by unlawful command control. *See United States v. Rosser*, 6 M.J. 267, 272 (C.M.A. 1979). The government called as witnesses Major General Anderson, his former staff judge advocate, eight battalion commanders, four first sergeants, and other commissioned and noncommissioned officers who were assigned to units under General Anderson's general court-martial jurisdiction. The appellant also had the opportunity to present evidence and to cross-examine government witnesses. Our review of the record convinces us the military judge correctly found the appellant's chain of command was free of any adverse influence from unlawful command conduct. Further, neither at his trial nor in this appeal does Specialist Giarratano claim that General Anderson's conduct resulted in a denial to him of favorable witnesses. Also, as we have indicated, certain relief was provided the appellant by the military judge.[8] Considering these circumstances, the findings of the military judge, and our own review of the record, we find that it has been established by clear and convincing evidence that this case was not adversely affected by General Anderson's unlawful conduct. Finally, we find that the government proved the appellant's guilt beyond reasonable doubt.

The findings of guilty and the sentence are affirmed.

Judge LYMBURNER and Judge WALCZAK concur.

---

8. We feel it appropriate at this time to commend the military judge for the outstandingly skillful manner in which he conducted the trial of this case.