**UNITED STATES, Appellee,**

v.

**Specialist Five Melvin D. NEBLETT, 217–52–7414, United States Army, Appellant.**

**CM 446453.**

U.S. Army Court of Military Review.

15 July 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, and Captain Martin B. Healy, JAGC, were on the pleadings for appellant.

Lieutenant Colonel Joseph A. Rehyansky, JAGC, was on the pleadings for appellee.

Before McKAY, LYMBURNER, and COOK, Appellate Military Judges.

OPINION OF THE COURT

McKAY, Senior Judge:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of fourteen specifications of altering a public record. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of all pay and allowances, and reduction to the grade of E–1. The convening authority approved the sentence. The case was submitted to this Court on its merits by appellate counsel with a notation that the appellant had personally urged as grounds for relief the erroneous denial of his motion to dismiss the charges because of unlawful command influence. *See United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). We find that the effect of unlawful command influence on this case has not been resolved; the case will be returned for a limited hearing on that issue.

The appellant was a member of the 3d Armored Division. He was tried on 7 August 1984. The charges against him were referred to trial by Major General Graves, as convening authority, who also took initial action on the case. At trial, the appellant's trial defense counsel moved to dismiss the charges "because of the presence of unlawful command influence". She then called the appellant's first sergeant, First Sergeant Swanson, who testified that, while a member of another 3d Armored Division unit some fourteen months earlier, he had been made aware of a letter from Command Sergeant Major Haga, the division command sergeant major, dissuading "good" noncommissioned officers from testifying for soldiers.[1] Although Swanson did not agree with the letter, he felt that noncommissioned officers who testified for soldiers while Command Sergeant Major Haga remained in the division would suffer adverse consequences. First Sergeant Swanson did not know whether members of the appellant's unit had been made aware of the "Haga letter". He later testified favorably for the appellant during the sentencing portion of the trial. Command Sergeant Major Haga was no longer assigned to the 3d Armored Division at the time of trial.

In addition to First Sergeant Swanson's testimony, the trial defense counsel offered the record of trial of *United States v. Giarratano*, 20 M.J. 553 (A.C.M.R.1985), as background evidence regarding the existence of unlawful command influence within the 3d Armored Division. The military judge refused to admit the record of trial, but extended to defense counsel the opportunity to offer portions of the record or further live testimony. Defense counsel, arguing that the entire record was relevant, declined to offer any portion of the *Giarratano* record. The government presented no evidence other than that developed through cross-examination of First Sergeant Swanson. Defense counsel argued:

I do not know what witnesses out there I was not able to get because they would not come forward. A lot of times in trials we get people who offer themselves as character witnesses. I don't know what witnesses I could not get in this case but for the unlawful command influence.

The military judge denied the defense motion to dismiss.

During the sentencing portion of the trial, defense counsel called the appellant's company commander, who testified that although he had held a high opinion of the appellant until the time of the appellant's offenses, he would "absolutely not" want the appellant to work for him again. First Sergeant Swanson testified that he would not mind if the appellant came to work for him again, but not in their then present company.

This Court has examined a multitude of cases involving the issue of unlawful command influence within the 3d Armored Division while it was commanded by Major General Thurman E. Anderson and has determined that unlawful command influence was present in the division during that time. *See e.g., United States v. Giarratano, supra; United States v. Mitchell*, 19 M.J. 905 (A.C.M.R.1985); *United States v. Schroeder*, 18 M.J. 792 (A.C.M.R.1984), *pet. granted*, 19 M.J. 314 (C.M.A.1985); *United States v. Treakle*, 18 M.J. 646 (A.C.M.R. 1984) (en banc), *pet. granted*, 20 M.J. 131 (C.M.A.1985).

Having determined that General Anderson's conduct, and that of certain of his subordinates, amounted to unlawful command influence, we have held that Article 37, Uniform Code of Military Justice, 10 U.S.C. § 837 (1982), prohibits coercion or unauthorized influence on actual or prospective witnesses with respect to their testimony, *United States v. Treakle*, 18 M.J. at 657, and that an accused tried within the 3d Armored Division during General Anderson's tenure as commander shall receive the benefit of a rebuttable presumption

---

1. For a discussion of the facts surrounding this letter, see *United States v. Treakle*, 18 M.J. 646, 651 (A.C.M.R.1984) (en banc), *pet. granted*, 20 M.J. 131 (C.M.A.1985).

that he was deprived of favorable witnesses. *See, e.g., United States v. Mitchell, supra; United States v. Abelon,* 19 M.J. 767 (A.C.M.R.1984); *United States v. Thompson,* 19 M.J. 690 (A.C.M.R.1984); *United States v. Schroeder, supra.*

Although the appellant was tried after General Anderson and Command Sergeant Major Haga had left the 3d Armored Division, his defense counsel argued that he was nevertheless prejudiced by the residual effect of General Anderson's influence.[2] Considering the historical background of General Anderson's and Command Sergeant Major Haga's activities in the division at the time of this trial and the sensitivity with which allegations of command influence must be dealt, *United States v. Blaylock,* 15 M.J. 190, 193 (C.M.A.1983); *United States v. Alexander,* 19 M.J. 614, 616 (A.C.M.R.1984), we find that the trial defense counsel raised the issue of whether the appellant was suffering the effects of unlawful command influence. At that point, the burden of proving the appellant's trial to be unaffected by command influence fell upon the government. *United States v. Treakle,* 18 M.J. at 658; *Cf. United States v. Rosser,* 6 M.J. 267, 272 (C.M.A. 1979) (government bears burden of showing private communications with court members are not prejudicial). The government, however, offered no evidence to rebut the defense contention other than that elicited through cross-examination of the defense witnesses. Notwithstanding the failure of the government to assume its burden and go forward with evidence, the military judge denied the appellant's motion to dismiss. We are not persuaded that the proceedings in this case satisfied the fact finding procedures required when the issue of unlawful command influence is raised. *See United States v. Serrano, supra; United States v. Alexander, supra.*

The record of trial is returned to The Judge Advocate General for such action as is required to conduct a limited hearing. At the hearing the military judge will receive evidence bearing on the issue of whether the appellant was prejudiced by the existence of unlawful command influence within the 3d Armored Division.

The military judge appointed to conduct the proceedings will hear the respective contentions of the parties, permit the presentation of witnesses and evidence, issue orders and rulings as are appropriate, and enter findings of fact and conclusions of law with respect to the issue stated above.

If the military judge determines that the proceedings by which the appellant was originally tried were affected, totally or in part, by unlawful command influence, he will return the record to the convening authority who will set aside the findings and sentence, or sentence only if appropriate, and either dismiss the charges or order a rehearing, or order a rehearing of only the sentence.

If the military judge determines that command influence did not affect the appellant's trial, he will return the record to the convening authority, who will review those findings and take appropriate action thereon.

In the event the convening authority to whom this case is referred deems a limited hearing on the issue of command influence impracticable, he will set aside the findings and sentence and either order a rehearing or dismiss the charges.

Judge LYMBURNER and Judge COOK[3] concur.

2. We have examined several other cases that were tried in the 3d Armored Division after Major General Anderson had departed his command during which trial defense counsel argued that General Anderson's unlawful influence continued to prejudice the accused's ability to obtain a fair trial. *See United States v. Bailey,* 20 M.J. 703 (A.C.M.R.1985); *United States v. Serrano,* 19 M.J. 969 (A.C.M.R.1985). In those cases, however, the Court was satisfied that the issue of unlawful command influence and its effect on the particular appellant's trial had been fully litigated at the trial level and there was no residual effect.

3. Judge Cook took final action on this case prior to his release from active duty.