**UNITED STATES, Appellee,**

v.

**Specialist Four Steven W. BROWN, 336–60–0453, United States Army, Appellant.**

**CM 445789.**

U.S. Army Court of Military Review.

31 Oct. 1985.

For Appellant: Mark S. McTernan, Esquire, Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, Captain Carolyn F. Washington, JAGC, Captain Pamela O. Barron, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Erik M. Stumpfel, JAGC (on brief).

Before MARDEN, PAULEY, and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

PAULEY, Judge.

Contrary to his pleas, appellant was convicted of several offenses involving possession and distribution of hashish and LSD by a general court-martial composed of members. He was sentenced to a dishonorable discharge, confinement at hard labor for five years, forfeiture of all pay and allowances and reduction to the lowest enlisted grade. The convening authority approved the sentence.

This is yet another case arising from a finding of the existence of unlawful command influence in the 3d Armored Division during the time that Major General Thurman E. Anderson served as its commander. Although appellant's unit was part of V Corps, it was within the area court-martial jurisdiction of the 3d Armored Division. Under ordinary circumstances, the appellant would therefore have been tried by the 3d Armored Division. In an apparent effort to alleviate the effects of the command influence problem in the 3d Armored Division, appellant's case was forwarded to the Commander, V Corps, with a request that he serve as the convening authority.[1] The allied papers establish that the 3d Armored Division initiated the proceedings against

---

1. The forwarding endorsement appears to be identical to the one used by Major General Anderson in *United States v. Stokes,* 19 M.J. 781 (A.C.M.R.1984), and reads as follows:

    In light of recent judicial decisions by trial court judges concerning my role as 3d Armored Division General Court-Martial Convening Authority, I request that Commander, V Corps, serve as Convening Authority in this case and take action as deemed appropriate. I am forwarding the attached case without my recommendation as to disposition.

the appellant.* It also appears that several of the court members were assigned to 3d Armored Division units. Accordingly, the appellant contends, *inter alia*, that he was denied his right to trial in a "fair forum" as a result of the actions of Major General Anderson. The relevant factual background concerning a determination of a violation of Article 37, Uniform Code of Military Justice, 10 U.S.C.A. § 837, in the 3d Armored Division is set out in *United States v. Treakle*, 18 M.J. 646 (A.C.M.R. 1984) (en banc), *pet. granted*, 20 M.J. 131 (C.M.A.1985).[2] In appellant's case, we need to determine as we did in *Treakle*, whether the presence of unlawful command influence deprived appellant of favorable character evidence or affected the court members detailed to his court-martial.[3]

The record of trial establishes that no character witnesses appeared on behalf of the appellant, either on the merits of the case or after findings. We cannot conclude that character evidence would have been inadmissible on the merits in appellant's case and it clearly would have been admissible during sentencing proceedings. Further, the record provides no explanation for the absence of such character evidence. This Court has repeatedly held that such a situation invokes a rebuttable presumption that the appellant has been deprived of favorable character witnesses. *United States v. Thompson*, 19 M.J. 690 (A.C.M.R. 1984); *United States v. Schroeder*, 18 M.J. 792 (A.C.M.R.1984); *see also United States v. Giarratano*, 20 M.J. 553 (A.C.M.R.1985). This presumption has not been rebutted and we decline to speculate as to why character evidence was absent and what effect, if any, such evidence might have had on the trier of fact if it had been present at the trial.

As in *Treakle*, we note that General Anderson's comments had been widely disseminated throughout the 3d Armored Division by the time Specialist Brown was tried. The appearance at least exists that members of appellant's court were exposed to those comments. We have also on previous occasions concluded that General Anderson's comments were capable of influencing court members. *See, e.g., United States v. Mitchell*, 19 M.J. 905 (A.C.M.R. 1985). Thus, we must presume, based on the facts before us, that the court members detailed to appellant's case were subjected to unlawful command influence and that they were in fact influenced. This presumption has not been rebutted by the government. Under the circumstances, we cannot affirm either the findings of guilty or the sentence.

The record of trial is returned to The Judge Advocate General for such action as is required to conduct a limited hearing ordered by a different convening authority. At the hearing the military judge will receive all available evidence bearing on the following issues:

1. Was the appellant deprived of favorable character testimony because of remarks by Major General Thurman E. Anderson concerning testimony at courts-martial?

2. Whether the court members had heard General Anderson's message before they participated in the appellant's trial and, if so, what they understood the General's policies to be.

3. Whether any court member was actually influenced, to the prejudice of the appellant, by General Anderson's comments.

* Corrected

2. *Treakle* represents a prior finding of the presence of unlawful command influence in the 3d Armored Division during the time of appellant's trial.

3. Application of the method of analysis of unlawful command influence issues as recently

developed by this Court in *United States v. Cruz*, 20 M.J. 873 (A.C.M.R.1985) (en banc), is not necessary in this case because the actual existence of unlawful command influence in the 3d Armored Division has already been determined. *United States v. Yslava*, 18 M.J. 670 (A.C.M.R. 1984) (en banc); *United States v. Treakle*, 18 M.J. 646.

The military judge will hear the respective contentions of the parties, permit the presentation of witnesses and evidence, issue orders and rulings as are appropriate, and enter findings of fact and conclusions of law with respect to the issues set out above. In addition to the preceding questions, the military judge will address any additional questions or issues that he determines are material or relevant to the overall issue of unlawful command influence.

If the military judge determines that the proceedings by which the appellant was originally tried were influenced by unlawful command influence, he will return the record to the convening authority who will set aside the findings and sentence and either dismiss the charges or order a rehearing.

In the event the convening authority to whom this case is referred deems a limited hearing on the issues of unlawful command influence to be impracticable, he will set aside the findings and sentence and either order a rehearing or dismiss the charges.

DeGIULIO, Judge, concurring in the result.

I believe that there is a potential problem in applying *United States v. Cruz*, 20 M.J. 873, to every alleged unlawful command influence case. Using the *Cruz* model, it is unlikely that the unlawful command influence would have been discovered in the cases which resulted in the so-called *DuBay* hearings in 1967. *See United States v. DuBay*, 37 CMR 411 (C.M.A.1967), and related cases. Indeed, applying *Cruz* at the very beginning of the 3d Armored Division command influence cases, I doubt if the facts would have been developed. The result in *United States v. Treakle*, 18 M.J. 646, would have been an affirmance. To avoid the danger, *Cruz* should be applied to its limited facts.

Applying *Cruz* to the case before us, and being fully aware that actual unlawful command influence was found in the 3d Armored Division cases,[1] the unlawful command influence was sufficiently prejudicial to shift the burden of going forward with proof to the government and the government has failed to rebut this presumption. *United States v. Schroeder*, 18 M.J. 792 (A.C.M.R.1984). Therefore, I arrive at the same result as the lead opinion.

Senior Judge MARDEN took no part in the decision of this case.

---

**1.** See *United States v. Treakle,* 18 M.J. 646, and    its progeny.