UNITED STATES

v.

Arthur WENZ, Jr., 065 48 8060, Boiler Technician Third Class (E–4), U. S. Navy.

NCM 76 1835.

U. S. Navy Court of Military Review.

Sentence Adjudged 29 April 1976.

Decided 11 Nov. 1976.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LT Patrick A. Fayle, JAGC, USN, Appellate Government Counsel.

Before NEWTON, CRANDELL and GLADIS, JJ.

GLADIS, Judge:

Tried by general court-martial sitting with members appellant was convicted pursuant to his pleas of conspiracy to commit larceny, resisting lawful apprehension, two specifications of willfully damaging property, three specifications of larceny, and aggravated assault in violation of Articles 81, 95, 109, 121, and 128, 10 U.S.C. §§ 881, 895, 909, 921, 928, UCMJ. He was sentenced to bad conduct discharge, confinement at hard labor for 3 years, forfeiture of $300.00 per month for 3 years, and reduction to pay grade E–1. The convening authority approved the sentence, reducing the confinement to 300 days pursuant to the pretrial agreement.

Appellant summarily assigns the following error:

THE SENTENCE SHOULD BE DISAPPROVED AND A REHEARING ORDERED SINCE SPECIFICATIONS 1, 2 AND 3 OF CHARGE IV WERE THEFTS COMMITTED IN THE SAME PARKING LOT, AT THE SAME TIME AND FROM AUTOMOBILES IN CLOSE RELATIONSHIP TO ONE ANOTHER, THE THEFTS SHOULD HAVE MADE THE SUBJECT OF ONE SPECIFICATION AND ALSO REDUCED THE MAXIMUM CONFINEMENT POSSIBLE TO 13 YEARS, 6 MONTHS VICE 15 AS THE MILITARY JUDGE INSTRUCTED THE MEMBERS OF THE COURT. PARAGRAPH 200a(8), MCM 1969 (REV.).

We disagree and affirm.

The following facts are gleaned from the record. Appellant and F agreed to break into several autos in a parking lot on a Coast Guard base and steal property (Charge I). Appellant gave F a screwdriver with which he was able to unlock Z's auto. F attempted to remove a radio, damaging the radio and the auto (Charge III). He removed two box speakers and four cassette tapes from the rear of the auto (specification 3, Charge IV), handing them to appellant who placed them in the trunk of his auto. Appellant and F went to C's convertible. F pulled the top off with the screwdriver and removed two bags containing clothing and other items which he placed in appellant's trunk (specification 1, Charge IV). Appellant was acting as a look-out. F unlocked W's truck with the screwdriver, took a radio from the seat and placed it in appellant's auto (specification 2, Charge IV).

■ When a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons. Thus, if a thief steals a suitcase containing the property of several persons or goes into a room and takes property belonging to various persons, there is but one larceny. MCM, *supra*. However, a separate and distinct theft arises with each larcenous taking from a separate locale or structure of different ownership—notwithstanding the fact that the multiple takings may occur in the same vicinity and in a single venture under one continuous impulse. *United States v. Clason*, 48 C.M.R. 453 (N.C.M.R.1974); *United States v. Shifflett*, 38 C.M.R. 750 (N.B.R.1968). So long as there are separate offenses charged and found, regardless of the fact that they may arise out of the same transaction, sentence may be imposed for each offense. *United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971).

■ The larcenies in the case at hand did not occur in substantially the same place or physical entity. *Cf. United States v. Collins*, 16 U.S.C.M.A. 167, 37 C.M.R. 323 (1966). They occurred in separate structures or physical entities of different ownership. Therefore the *Manual* rule cited by appellant is inapplicable.

Applying various tests for multiplicity enumerated in *United States v. Burney, supra*, to the facts of the case at hand, we find that the larceny offenses are separate for purposes of punishment. The standard test for separateness requires proof of different elements. Different victims require different proof. Appellant also owed duties to separate victims satisfying the separate duties test. We also find separate impulses or intents, not withstanding the original agreement between appellant and F. A single integrated transaction is not synonymous with a single intent or impulse. *United States v. Burney, supra*. Appellant entertained more than one intent. He could have terminated his course of criminal conduct and abandoned the plan to steal after stealing Z's speakers and tapes and before breaking into C's convertible or before breaking into W's truck.

Appellant's assignment of error lacks merit.

The findings of guilty and sentence as affirmed on review below are affirmed.

Senior Judge NEWTON and Judge CRANDELL concur.