**UNITED STATES, Appellee,**

v.

**Private First Class Glen D. ENNIS, SSN 225–94–7175, United States Army, Appellant.**

**CM 442063.**

U. S. Army Court of Military Review.

21 March 1983.

Major Raymond C. Ruppert, JAGC, Captain Dennis E. Brower, JAGC, and Captain Lawrence R. Hughes, Jr., JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Michael R. Smythers, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

Before McKAY, LEWIS and HANFT Appellate Military Judges.

## OPINION OF THE COURT

HANFT, Judge:

While walking back to Kelley Barracks after an evening of heavy drinking in Darmstadt, Germany, Ennis and a fellow soldier by the name of Failen punctured the tires of forty-one automobiles belonging to forty different German nationals. As Ennis put it, "[m]e and Specialist Failen went out, Sir, and got drunk and we—he started cutting tires first, and then I started following right after him". During his subsequent trial, Ennis pled guilty to forty-one specifications alleging the wrongful destruction of private property in violation of Article 109, Uniform Code of Military Justice, 10 U.S.C. § 909 (1976). On appeal, Ennis contends that the trial judge erred in denying a challenge for cause against a court member who had discussed the case with the convening authority, and that the forty-one specifications of tire slashing are multiplicious for sentencing purposes.

### I

■ Major General Cooper was the convening authority in this case, and Lieutenant Colonel Chase was a court member. General Cooper had called Colonel Chase in the latter's capacity as Installation Coordinator for Kelley Barracks and had told him that the tire slashing incident was a significant detractor to German-American relations. During voir dire, however, Colonel Chase stated that he could be impartial with regard to Ennis' case and that German-American relations would have no bearing whatsoever in his determination of an appropriate sentence. The trial judge then denied the challenge for cause.

■ We believe that any prospective court member who has discussed a case with the convening authority—even briefly and not by name—should not remain on the court "in the interest of having the trial . . . free from substantial doubt as to legality, fairness, and impartiality". Paragraph 62f(13), Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Harris,* 13 M.J. 288 (C.M.A.1982). Thus, despite Colonel Chase's disclaimer of bias, we find that the trial judge abused his discretion in denying the challenge for cause.

But the issue is moot, for Colonel Chase was removed from the court when Ennis exercised his sole peremptory challenge against Colonel Chase, and there is no evidence that Ennis desired to peremptorily challenge any other court member. *United States v. Harris, supra* at 292.

### II

■ Just as he did at trial, Ennis contends on appeal that the facts of this case represent a single incident or transaction and that the forty-one specifications of tire slashing are multiplicious for sentencing purposes. The trial judge saw it a different way and instructed accordingly—a maximum of one hundred thirty-eight years confinement rather than five years. At trial, the Government agreed with Ennis; on appeal, the Government has changed its mind and now agrees with the trial judge.

We believe that the trial judge's determination was legally correct. *See United States v. Wenz,* 1 M.J. 1030 (N.C.M.R.1976), *petition denied,* 2 M.J. 228 (C.M.A.1977) (larcenies of items from three motor vehicles in a single parking lot not multiplicious for sentencing purposes); *United States v. Shifflett,* 38 C.M.R. 750 (N.B.R.1968) (larcenies of items from three boats moored in same vicinity not multiplicious for sentencing purposes). *See generally United States v. Baker,* 14 M.J. 361 (C.M.A.1983). We do

note, however, that had the Government been so inclined—as it evidently was at trial—the determination of the trial judge regarding multiplicity could have been precluded by alleging all the damage in but one specification. *See United States v. Collins,* 16 U.S.C.M.A. 167, 169, 36 C.M.R. 323, 325 (1966).

The findings of guilty and the sentence are affirmed.

Judge McKAY and Judge LEWIS concur.