UNITED STATES

v.

**Sergeant Alvin PULLIAM, FR 425–17–4109, United States Air Force.**

**ACM S26118.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 June 1983.

Decided 19 Jan. 1984.

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Sergi, Captain Conrad C. Baldwin, Jr., and Squadron Leader Geoffrey J. Skillen, RAAF.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Captain Brenda J. Hollis and Major Thomas O. Maser, USAFR.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## DECISION

O'HAIR, Judge:

The appellant was tried by special court-martial and found guilty of four specifications of larceny. Appellate defense counsel have prepared three assignments of error; however, only one of these needs to be addressed here, and that one raises the issue of multiplicity with respect to Specifications 2, 3 and 4. Specification 2 alleges the larceny of a credit union automatic teller card, while Specifications 3 and 4 allege larcenies by virtue of the subsequent use of that card on two consecutive days to withdraw a total of $400.00 ($200.00 each time) from the card owner's share draft account.

The accused, Airman First Class Smith and Airman First Class Pettis were basketball players for the Davis-Monthan Air Force Base basketball team. On Friday evening, 10 December 1982, the three of them planned to drive to Williams Air Force Base, Arizona, to participate in a basketball tournament. Prior to leaving town they stopped at the credit union automatic teller machine so Smith could make a withdrawal. Coincidental with this transaction was a seemingly innocent comparison of each person's credit union personal identification number (PIN). This is the number which must be used in conjunction with the automatic teller card when a credit union member is conducting a transaction at the automatic teller machine.

The three airmen then drove to Williams and occupied the same room in on-base quarters until they departed on Sunday afternoon, 12 December. During much of the weekend, Smith kept his billfold under a pile of underwear in a drawer in their room. The billfold contained, among other things, some money and his automatic teller card.

At 2116 hours on 12 December, which was approximately one and one-half hours after their return to the Davis-Monthan area, $200.00 was withdrawn from Smith's credit union account, via the automatic teller machine. At 0637 hours, 13 December, another $200.00 was withdrawn from the same account and in the same fashion. This theft of money and the automatic teller card was not discovered until the following Thursday when Smith made another withdrawal and discovered his diminished account balance.

The case against the accused was entirely circumstantial. It is assumed that the accused innocently discovered Amn. Smith's PIN on 10 December and sometime during that weekend formulated and began to execute a plan to steal Smith's automatic teller card and use it upon their return to Davis-Monthan, the site of the credit union.

■ Appellate defense counsel have averred that Specification 2 is multiplicious for sentencing purposes with Specifications 3 and 4. At trial, defense counsel requested the court members be instructed that these specifications were multiplicious, but this was denied by the military judge. We believe the military judge erred. Utilizing the standard found in *United States v. Baker*, 14 M.J. 361 (C.M.A.1983), we have no difficulty finding that Specification 2 is not multiplicious for the purposes of findings with Specifications 3 and 4. Specification 2 does not include the same factual allegations in the elements as are found in 3 and 4, nor does the factual allegation under Specification 2, as drafted, "fairly embrace" all of the elements of 3 and 4. Additionally, an examination of the language of the specifications does not lead us to the conclusion that Specification 2 should be dismissed for reasons of multipl-

icity. *United States v. Holt,* 16 M.J. 393 (C.M.A.1983); *United States v. Glover,* 16 M.J. 397 (C.M.A.1983).

 It was, however, error for the judge to treat Specification 2 as a separate offense for sentencing purposes. The theft of the automatic teller card and its subsequent use, although occurring at different times and places, can be considered to have flowed from "a single impulse or intent". The card, by itself and without the corresponding PIN, has very little value and cannot be used to the detriment of the owner. However, its acquisition, along with the PIN, provide the opportunity for unauthorized cash withdrawals. Accordingly, we view the theft of the card as a preamble to the two $200 larcenies. Thus we find it inappropriate to treat Specification 2 as a separate offense for sentencing purposes. *United States v. Glover, supra.* In light of the above we have reassessed the sentence imposed by the court and find it nonetheless appropriate.

The findings of guilty and sentence are AFFIRMED.

FORAY, Senior Judge, concurs.

SNYDER, Judge, concurs in the result.