**UNITED STATES, Appellee,**

v.

**Specialist Four Robin W. SOUTHERS, Jr. SSN 405–90–3796, United States Army, Appellant.**

**SPCM 20631.**

U.S. Army Court of Military Review.

28 Aug. 1984.

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Robert M. Ott, JAGC, and

Captain Joel R. Maillie, JAGC, were on the pleadings for appellant.

Lieutenant Colonel Adrian J. Gravelle, JAGC, was on the pleadings for appellee.

Before SU–BROWN, YAWN and WALC-ZAK, Appellate Military Judges.

## OPINION OF THE COURT

SU–BROWN, Senior Judge:

Contrary to his pleas, appellant was convicted on 23 December 1983 by a special court-martial composed of officer and enlisted members of disobeying a lawful order, assault consummated by a battery, disorderly conduct, unlawful entry, and indecent, lewd, and lascivious acts in violation of Articles 91, 128, and 134, 10 U.S.C. §§ 891, 928 and 934 (1982).

He was sentenced to a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $382.00 pay per month for two months, and reduction to the grade of Private E–1. Although appellant's case arose in the 3d Armored Division, the Commander of VII Corps, Lieutenant General Galvin, took action on appellant's case. He approved the findings and sentence.

At appellant's trial the issue of unlawful command influence in the 3d Armored Division was raised and extensively litigated.[1] Upon appellant's request, the military judge took judicial notice of the record of trial in *United States v. Giarrantano*, SPCM 20588 (1983). The military judge also gave appellant the opportunity to call any witnesses he desired on the issue of command influence, including those who had testified in *Giarrantano*. No restrictions were placed on appellant's ability to gather, present, and fully develop evidence concerning this issue.

Based upon the evidence presented, the military judge found that Major General Anderson, the Commander of 3d Armored Division, gave speeches to his subordinates concerning court-martial testimony and that application of the principles announced in those speeches could impact adversely on the court-martial process. The military judge held that the General's comments constituted a form of unlawful command influence which could affect the willingness of an accused's chain of command to testify favorably for the accused and influence the deliberations of court members.[2] As to court members, the military judge found General Anderson's comments could reasonably cause them to believe that: (1) referral of a case to a court-martial indicates the accused's chain of command believes the accused is guilty; (2) favorable character testimony should be disregarded; and (3) individuals convicted of serious crimes should be discharged.

Since unlawful command influence may have affected appellant's case, appellant is presumed to have been prejudiced by such influence absent clear and convincing evidence to the contrary. *See United States v. Johnson*, 14 U.S.C.M.A. 548, 551 34 C.M.R. 328, 331 (1964). In appellant's case, the evidence presented at trial and the remedies devised by the military judge clearly and convincingly demonstrate that General Anderson's remarks had no adverse effect on appellant's trial.[3]

The military judge specifically found that no member of appellant's chain of command had been affected by General Anderson's remarks. Stipulations of expected testimony from appellant's chain of command show they were not influenced to withhold testimony or testify less than hon-

---

1. *See United States v. Treakle*, 18 M.J. 646 (A.C. M.R.1984) (en banc), where this Court first discussed the issue of unlawful command influence within the 3d Armored Division.

2. The military judge found that General Anderson's comments had no effect on the process of referring charges. We agree. *See United States v. Treakle*, 18 M.J. at 655 (A.C.M.R.1984).

3. In reaching this conclusion, we attach particular significance to appellant's cognizance of the unlawful command influence present in the 3d Armored Division and his unfettered opportunity to present evidence on the issue at trial.

estly. The stipulations from those individuals who knew appellant also show they were not reluctant to testify on appellant's behalf. This evidence conclusively rebuts any concern that General Anderson's remarks may have influenced the actions of appellant's chain of command.

As an additional precaution, the military judge ruled the Government could not present any testimony through direct or cross-examination concerning appellant's potential for further military service. We note that exclusion of such testimony does not remedy all aspects of the command influence problem. This remedy protects an accused from adverse testimony which may be generated by unlawful command influence but does not produce favorable testimony from witnesses who may have been chilled by the unlawful command influence. The limited effectiveness of this remedy is irrelevant in appellant's case since the stipulations of expected testimony demonstrate that appellant was not denied favorable testimony.

■ To ensure that no unlawful command influence had been exerted on the court members in appellant's case, the military judge ruled that he would sustain any challenge for cause against a court member who was a member of the 3d Armored Division prior to 4 March 1983. The military judge identified 4 March 1983 as a significant date because General Anderson published a letter on that day which attempted to retract and clarify his previous comments by emphasizing an individual's moral and legal obligations to testify for an accused. The military judge also stated he would sustain a defense challenge for cause against any court member who was present at a meeting where General Anderson, or a subordinate to General Anderson, made a statement relating to not providing testimony for an accused. After a thorough *voir dire*, defense counsel stated he did not have any challenges for cause. We find the remedy devised by the military judge was effective in assuring that the court members had not been influenced by General Anderson's comments. We com-

mend the judge for creating a sound remedy for a problem which presents a significant threat to the proper operation of the military justice system. The military judge's actions not only cured any specific prejudice that may have resulted from General Anderson's remarks but also dispelled the appearance of unlawful command influence in appellant's case. *Cf. United States v. Rosser*, 6 M.J. 267 (C.M.A.1979) (military judge must act to avoid even the appearance of evil in his courtroom).

Appellant has submitted an affidavit to this Court purporting to waive any issues in his case. We do not express any opinion as to whether appellant may affirmatively waive review of his case by this Court. Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866 directs that this Court affirm only such findings of guilty and the sentence as it finds correct in law and fact. We have reviewed this case in accordance with our statutory mandate and find no errors.

The findings of guilty and the sentence are affirmed.

Judge YAWN and Judge WALCZAK concur.