OPINION OF THE COURT
NAUGHTON, Judge:
Appellant was tried on 9 December 1983 by a military judge sitting as a special court-martial at Fort Lewis, Washington. In accordance with his pleas, appellant was convicted of twelve specifications of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982). The military judge sentenced appellant to a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $382.00 pay per month for five months, and reduction to the grade of Private E-l. Comporting with a pretrial agreement, the convening authority only approved so much of the adjudged sentence as provides for a bad-conduct discharge, confinement at hard labor for seventy-five days, forfeiture of $382.00 pay per month for seventy-five days, and reduction to the grade of Private E-l.
On 1 September 1983, appellant stole an automatic teller machine (ATM) card along with the secret code which accessed the funds in Private O’s account at the First Interstate Bank. During the next eleven days, without the knowledge or consent of Private O, appellant used the ATM card and code to make eleven $20.00 withdrawals from Private O’s account. Appellant now asserts that these eleven larcenies, alleged in Specifications 2 through 12 of the Charge, should be consolidated in one specification.[1] We disagree; however, *475 we do hold that under the facts of this case Specifications 6 and 7, Specifications 8 and 9, and Specifications 10 and 11 of the Charge, respectively, merge for findings. We are satisfied that appellant suffered no prejudice as to his sentence.
Appellant also urges that his theft of the ATM card, alleged in Specification 1 of the Charge, is multiplicious for sentencing with his subsequent larcenies of Private O’s money. We disagree. When appellant stole the ATM card, he deprived Private 0 of the value and benefit of the card’s use. Although appellant had the opportunity to reconsider and abandon his criminal course of conduct, he did not do so. Rather, he utilized the ATM card on repeated occasions to steal Private O’s funds. Under these circumstances, Specification 1 of the Charge is separately punishable from all other specifications.[2] See United, States v. Baker, 14 M.J. 361 (CMA 1983); United States v. Burney, 21 U.S.C. M.A. 71, 44 C.M.R. 125 (1971); United States v. Gibbons, 11 U.S.C.M.A. 246, 29 C.M.R. 62 (1960).
The findings of guilty of Specification 6, 8, and 10 of the Charge are amended by substituting in each the value $40.00 for the value “$20.00.” The findings of guilty of Specification 6, 8, and 10 of the Charge, as amended, are affirmed. The findings of guilty of Specifications 7, 9, and 11 of the Charge are set aside and those specifications are dismissed. The remaining findings of guilty and the sentence are affirmed.
Senior Judge WOLD and Judge FELDER concur.

. At trial, no objection was made by appellant’s counsel concerning multiplicity for charging, findings, or sentencing purposes. The military judge, however, stated:
Ordinarily, if this was a court member trial, I think it would be more appropriate to consolidate Specifications 6 and 7, also 8 and 9, and also 10 and 11, as they occurred basically simultaneously with each other, with only one minute apart. The only reason, I take it, that it was two offenses was the fact that there was a $20.00 limit, but since this is a judge alone trial, I don’t intend on consolidating them but I will consider them to be multiplicious for sentencing purposes with each other, that being Specifications 6 and 7, then 8 and 9, and then 10 and 11.
Appellant’s choice of trial forum is not relevant to a military judge’s duty to sua sponte remedy pleadings which are multiplicious for findings purposes, whether because of fragmentation, see United States v. Harclerode, 17 MJ. 981 (ACMR 1984), or lesser included offenses, see United States v. Zubko, 18 M.J. 378 (CMA 1984), or fairly included offenses, see United States v. Baker, 14 M.J. 361 (CMA 1983). If a given set of specifications are in fact multiplicious for findings purposes, the military judge must remedy that situation.

. We are not unmindful that the Air Force Court of Military Review reached a different conclusion under similar facts in United States v. Pulliam, 17 M.J. 1066, 1067 (AFCMR 1984).