**UNITED STATES, Appellee,**

v.

**Sergeant Amador AQUINO, Jr.,
582–19–5049, United States
Army, Appellant.**

**CM 446416.**

U.S. Army Court of Military Review.

14 June 1985.

---

Captain Kevin T. Lonergan, JAGC, argued the cause for appellant. With him on the brief were Lieutenant Colonel Paul J. Luedtke, JAGC, and Captain Donna Chapin Maizel, JAGC.

Captain Jan M. Wamsted, JAGC, argued the cause for appellant. With her on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, and Captain Andrew D. Stewart, JAGC.

Before SUTER, YAWN and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

WALCZAK, Judge.

Appellant, in accordance with his pleas, was convicted of ten specifications of larceny and one specification of wrongfully opening and stealing certain items of mail. The military judge sentenced appellant to a bad-conduct discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Appellant, a battalion mail clerk, during the period 1 March through 30 April 1984, stole automatic teller machine (ATM) cards along with the personal identification numbers (PIN) of ten servicemembers. At various times during March through May of 1984, without the knowledge or consent of the ten servicemembers, appellant used the ATM cards and PIN to make withdrawals from the servicemembers' accounts. On 16 March 1984, appellant made cash withdrawals from the bank accounts of three separate servicemembers. Appellant made these withdrawals in succession—inserting a ATM card, accessing the account, withdrawing the money, removing the ATM card and then repeating the process by inserting a different ATM card. These larcenies are alleged in Specifications 1, 2 and 3 of Charge I. Similarly, on 6 April 1984, appellant made successive withdrawals from the accounts of two servicemembers. These larcenies· are alleged in Specifications 8 and 9 of Charge I.

At trial appellant argued that the larcenies alleged in Specifications 1, 2 and 3 should be consolidated into one specification and the larcenies alleged in Specifications 8 and 9 should similarly be consolidated. Appellant renews this argument on appeal contending that the successive withdrawals of funds from different accounts through the ATM should be treated as a single offense since the withdrawals occurred at substantially the same time and place. Appellant argues that his offenses are analogous to entering a room and stealing several articles in the room which belong to various persons. Under paragraph 46c (1)(h)(ii) of the *Manual for Courts-Martial*, United States, 1984, [hereinafter cited as *MCM*, 1984], such an offense constitutes a single larceny. We find no merit to appellant's contention.

Appellant's larcenies were distinct criminal acts. The mere fact that appellant was able to perpetrate several different larcenies by utilizing one banking machine does not render appellant's various crimes a single "multiple article" larceny under paragraph 46c (1)(h)(ii), MCM 1984, part IV. To gain access into each individual's bank account, appellant was required to insert a different ATM card and PIN. Prior to inserting each ATM card, appellant had sufficient time to reflect upon his actions and choose to refrain from committing any additional offense. *See United States v. Jobes*, 20 M.J. 506 (A.F.C.M.R.1985). Considering the acts necessary to access an account, we find that each time appellant

used a ATM card and PIN he was, in effect, entering a separate and distinct "structure." Accordingly, appellant's acts are more analogous to larcenies from separate rooms than to a multiple article larceny from one room. *Cf. United States v. Wenz*, 1 M.J. 1030 (N.C.M.R.1976), *pet. denied*, 2 M.J. 228 (C.M.A.1977) (removing property from several automobiles belonging to different persons constituted separate larcenies with respect to each automobile even though committed in the course of one transaction). Under these circumstances, we find it inappropriate to consolidate the specifications at issue.

The findings of guilty and the sentence are affirmed.

Chief Judge SUTER and Senior Judge YAWN, concur.