**UNITED STATES, Appellee,**

v.

**Sergeant First Class Darrel L. ROSER, 089–40–4287, United States Army, Appellant.**

**CM 447402.**

U.S. Army Court of Military Review.

13 Feb. 1986.

---

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Edwin D. Selby, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Patrick J. Cunningham, JAGC (on brief).

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

 Appellant was tried by a general court-martial with members. Based on a provident plea of guilty, he was convicted of blackmarketing in violation of a general regulation, an offense proscribed by Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. We have considered the matter briefed by appellate defense counsel and the matters addressed by appellant personally and find them to be without merit.[1] We write to correct an apparent misunderstanding of previous published opinions from this court relating to remedies at the trial level in cases involving unlawful influence on defense witnesses.

It was established at trial that three of appellant's superior officers had given favorable character testimony for appellant at the pretrial investigation held pursuant to Article 32, Uniform Code of Military Justice. Later they understood their company commander to be threatening them with poor efficiency reports if they did not modify the favorable nature of the testimony they were willing to give for appellant. Although this naturally upset the three officers, each resolved as a matter of principle not to let his testimony be influenced. They were assisted in this resolve by their battalion commander, who brought the three officers and the company commander before him, countermanded the company commander's statements, and required the company commander to apologize. The three officers testified for appellant at trial and it was clearly established to the satisfaction of the trial judge and the parties that appellant had not been denied any favorable character evidence.

In *United States v. Giarratano*, 20 M.J. 553 (A.C.M.R.), *pet. granted*, 21 M.J. 84 (C.M.A.1985), the court commented on various remedies which had been adopted by the trial judge in that case in response to evidence of unlawful command influence resulting from the actions of Major General Thurman E. Anderson and others in the 3d Armored Division. *See also United States v. Stokes*, 19 M.J. 781 (A.C.M.R.

---

1. Appellant argues, *inter alia,* that the trial judge should have instructed the members to disregard testimony which, appellant contends, suggested that higher authority would be looking over the members' shoulders. First, we are not satisfied that any member would draw that inference from the testimony in question. Second, appellant's company commander was the alleged source of this information and he testified to the members that there was no such command interest. Third, it was the defense which elicited the testimony in question and, fourth, no request for an instruction was made at trial.

1984), *pet. denied,* 20 M.J. 403 (C.M.A. 1985); *United States v. Southers,* 18 M.J. 795 (A.C.M.R.1984). Those remedies included barring unfavorable character evidence against the accused. The trial judge in the case now before us *sua sponte* barred the prosecution from calling any witnesses to rebut defense character evidence.[2] As noted below, this remedy was irrelevant to any actual or potential problem posed by the situation before him in this particular case. Our confidence in the trial judge compels the conclusion that he did not adopt that course of action because he thought it made sense; instead, it appears that he ruled as he did because he thought that the law, as embodied in *Giarratano* or a similar case, required it.

No matter how meritorious the remedies adopted in *Giarratano* may have been under the circumstances of that case, they should not be regarded as standard remedies which this court has prescribed for all cases involving unlawful influence on witnesses. Trial judges may employ appropriate remedies where necessary in order to preserve the actual or apparent fairness of proceedings before them, but are not required to use those particular remedies. Instead, trial judges must tailor their responses to the situation at hand.

In the case at bar, for instance, there was no connection between the remedy imposed—denial of rebuttal witnesses—and any improper effect which might have come about because of the company commander's actions. There was no indication that any witness who might have been called in rebuttal by the government had been subjected to any coercion to give unfavorable testimony against appellant. It had been conclusively demonstrated that the testimony of the three officers in ques-

tion had not been affected. Neither at trial nor on appeal has anyone suggested any other valid reason for abridging the procedural rights ordinarily guaranteed to the parties to a trial. In short, the bar against rebuttal witnesses in this case had the effect of fixing that which was not broken.

Unusual problems inevitably will arise from time to time and trial judges are responsible for fashioning effective remedies when they do. We recognize our obligation to support trial judges "who carry out their duties in accordance with the laws and rules provided to them." *United States v. Burris,* 21 M.J. 140, 141 n. 3 (C.M.A.1985). Accordingly, we will support all lawful and reasonable measures undertaken by a trial judge to respond to the circumstances of the case before him in such a way that the trial is fairly conducted and justice is seen to be done. That is precisely our point: the trial judge in this case evidently mistook a remedy which *might* properly be employed under some circumstances[3] for a remedy he was *required* to employ whether it fit the case before him or not. We seek to free trial judges from the shackles of this misunderstanding.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON concurs.

FELDER, Judge, concurring in the result:

I join my brothers in the disposition of this case and applaud their effort to "free trial judges from the shackles of misunderstanding" generated by *United States v. Giarratano,* 20 M.J. 553 (A.C.M.R.), *pet. granted,* 21 M.J. 84 (C.M.A.1985) and *Unit-*

---

2. The defense had asked the trial judge to bar any testimony from the company commander about appellant's duty performance and rehabilitation potential. The judge denied the request. Appellant has quite properly declined to assign that ruling as error.

3. We are not required to decide whether the trial judge's actions in *Giarratano* were proper or whether such actions would be proper in any other circumstances, and we express no opinion on those questions. We merely comment on their erroneous use in the case at bar in order to clear up an apparent misunderstanding of what was said in *Giarratano.*

ed States v. Southers, 18 M.J. 795 (A.C.M. R.1984).

In both cases the trial judges encountered situations where commanders had tampered with the testimony of potential defense witnesses. Among the remedies employed by them to rectify the problem was to restrict the government from presenting adverse evidence against the accused. The trial judge in the instant case afforded appellant the same protection. He stated that he did so in order to avoid any taint and ensure that "witnesses who might ... testify in rebuttal ... weren't improperly influenced." The trial counsel did not object to his ruling. Neither expressed nor implied in *Giarratano, Southers,* or similar cases is the concept that the remedies granted are exclusive and required. The conclusion that the trial judge in this case felt compelled under the law to restrain the government is too speculative and, without a sufficient basis, suggests that he misunderstood and misapplied the law.

While I agree it was not necessary under the facts of this case for the trial judge to adopt such remedy, I believe he did so in the spirit of the Uniform Code of Military Justice to avoid the appearance of evil in his courtroom and to foster public confidence in the fairness of court-martial proceedings. *United States v. Rosser,* 6 M.J. 267 (C.M.A.1979); *United States v. Rodriguez,* 16 M.J. 740 (A.F.C.M.R.1983); *United States v. Ennis,* 15 M.J. 970 (A.C.M.R. 1983). The commander who tried to influence the testimony of the witnesses was also the accuser. He testified against the retention on active duty of appellant, a sergeant first class. Although the trial judge neutralized the commander's attempt to influence the witnesses, he signalled to the public (and appellant) that in cases of this nature the accused will be accorded added due process and equitable protections in the interest of having the proceedings free from doubt as to fairness, impartiality, and legality. Since his action was reasonable under the circumstances, I refrain from criticizing it.