**UNITED STATES**

v.

**Airman First Class Robert E. FELD, Jr., Fr 036–48–4002, United States Air Force.**

**ACM 26841.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Nov. 1987.

Decided 30 Sept. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Deborah A. Baker.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

### DECISION

MURDOCK, Judge:

The appellant was found guilty, contrary to his pleas, of wrongful use of cocaine. He was tried by a court with members. The appellant's assertion that the proceeding in revision which met to resolve an ambiguity in his sentence resulted in an increase in his sentence is without merit.

The sequence of events which led to the asserted error began when the president announced the sentence as follows:

Airman First Class Robert E. Feld, Jr., this court-martial sentences you:

To forfeit $350 of your pay for a period of nine months;

To be reduced to the grade of E–1;

To be confined for nine months; and

To be discharged from the service with a bad conduct discharge.

After this announcement, the military judge dismissed the court members, reminded the accused of his appellate rights, clarified which defense counsel would review the record, and adjourned the court.

Later, during preparation of the Staff Judge Advocate's Recommendation, someone noticed that there was an apparent ambiguity between the sentence worksheet and the announced sentence which appeared in the record of trial. The forfeiture portion of the sentence had been announced without the words "per month", but those words had not been lined out on the sentence worksheet.

The convening authority directed a proceeding in revision to "resolve and correct an apparent error in the announcement of the sentence", citing R.C.M. 1102 as authority. The pertinent portion of that rule states:

(1) Proceedings in revision. Proceedings in revision may be directed to correct an apparent error, omission, or improper or inconsistent action by the court-martial, which can be rectified by reopening the proceedings without material prejudice to the accused.

R.C.M. 1102(b)(1).

██ Generally, when an announced sentence does not include the words "pay per month" in the forfeiture provision, the amount announced is the total amount to be forfeited. *United States v. Henderson*, 21 M.J. 853 (A.C.M.R.1986); *United States v. Johnson*, 13 U.S.C.M.A. 127, 32 C.M.R. 127 (1962). However, a series of cases recognized, even before passage of R.C.M. 1102, that court members will occasionally have a "slip of the tongue" when they announce the previously agreed upon sentence. Where that can be shown, the court members have generally been allowed to reannounce the sentence as it should have been announced originally. *United States v. Roman*, 22 U.S.C.M.A. 78, 46 C.M.R. 78 (C.M.A.1972); *United States v. Liberator*, 14 U.S.C.M.A. 499, 34 C.M.R. 279 (C.M.A. 1964); *United States v. Robinson*, 4 U.S.C. M.A. 12, 15 C.M.R. 12 (1954).

Courts have refused to approve a sentence other than the one announced in several cases. In *United States v. Smith*, 43 C.M.R. 660 (A.C.M.R.1971) the Army Court of Military Review declined to uphold the reannounced sentence because of the possibility the members might have reconsidered the sentence between the time the sentence worksheet was completed and the time the sentence was announced. In *United States v. Henderson*, 21 M.J. 853 (A.C.M.R.1986) the president announced the forfeiture portion of the sentence as "$413.00 pay for three months". The convening authority attempted to honor the pretrial agreement by approving a sentence which included forfeiture of "$382.00 pay per month for three months" without conducting a proceeding in revision. The Army Court found that failure to follow proper procedures to correct a possibly erroneous sentence announcement resulted in the convening authority approving a sentence with greater forfeitures than the sentence announced by the court.

█ We do not face these difficulties because the convening authority ordered the proceeding in revision to allow such questions to be explored before he approved the sentence. We feel confident the sentence which was announced at the proceeding in revision was the actual adjudged sentence the members had agreed upon during their original deliberations.

Although we have found the announced sentence was properly approved, we feel a need to highlight this avoidable error. Professional diligence on the part of all trial participants can avoid this error, thus eliminating the need for costly and time-consuming corrective techniques.

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.