## UNITED STATES

v.

**Airman Basic Troy N. FAIRLEY, FR 428–25–0004, United States Air Force.**

**ACM S27888.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 June 1988.

Decided 19 Oct. 1988.

Appellate Counsel for the Appellant: Lieutenant Colonel Richard F. O'Hair and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Bruce S. Ambrose.

Before HODGSON, HOLTE, FORAY, MICHALSKI, LEWIS, BLOMMERS, KASTL and MURDOCK, Appellate Military Judges, En Banc.

## DECISION

HODGSON, Chief Judge:

The issue before us is whether the theft of an automatic teller machine (ATM) card and its subsequent use to withdraw money from the owner's bank account are separate offenses for punishment. Two panels of this court, in reviewing virtually identical facts, have arrived at different conclusions regarding this issue.

In *United States v. Pulliam*, 17 M.J. 1066 (A.F.C.M.R.1984), a three judge panel viewed the theft of an ATM card "as a preamble to the two ... larcenies." It considered the offenses, although occurring at different times and places as flowing from "a single impulse or intent." The ATM card and the personal identification number (PIN) that was taken at the same time provided the opportunity for the unauthorized cash withdrawals. Accordingly, it held the larceny of the ATM card as multiplicious with the later theft of monies.

Some 15 months later, in *United States v. Jobes*, 20 M.J. 506 (A.F.C.M.R.1985), *pet. denied* 21 M.J. 102 (C.M.A.1985), a different three judge panel, facing an identical factual situation, came to a contrary holding. They reasoned that "the time and circumstances surrounding the offenses afforded the accused a reasonable opportunity to reflect on his actions and choose to refrain from committing additional crimes." Thus, the panel concluded there was no "single impulse or intent," as the offenses arose from separate acts and could be punished separately.

These two decisions, based on almost identical circumstances but arriving at different holdings as to the separateness of the offenses for punishment, leave the law in this area unclear. This leads to uncertainty by the trial bench, the bar and those administering military justice.

There is no discernible difference between the facts before us today and those in the decisions discussed. Here, the record disclosed that on 3 January 1988, the appellant found a wallet containing the ATM card and PIN of another servicemember. Later that same day, the lapsed time is not stated, he withdrew $200.00 from the victim's credit union account using the latter's ATM card and PIN. He repeated the operation the next day and withdrew $40.00.

Appellate courts should always be guided by the "force of better reasoning" when faced with conflicting holdings on the same issue. *United States v. Carter*, 25 M.J. 471 (C.M.A.1988). Using this concept as our pole star we find the analysis and conclusion of Judge Carparelli in *Jobes* to be persuasive and in harmony with the decisions of the Court of Military Appeals

on multiplicity. *See United States v. Baker*, 14 M.J. 361 (C.M.A.1983); *United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971). Accordingly, applying the *Jobes* rationale to the facts before us, we conclude that the larceny of the ATM card and the subsequent thefts of monies using that card were not multiplicious for sentencing. *United States v. Jobes, supra; United States v. Aquino*, 20 M.J. 712 (A.C. M.R.1985); *see also United States v. Abendschein*, 19 M.J. 619 (A.C.M.R.1984). To the extent that *United States v. Pulliam, supra*, conflicts with this opinion, it is overruled. The findings of guilty and the sentence are

AFFIRMED.

Senior Judges, FORAY and KASTL, Judges, HOLTE, MICHALSKI, BLOMMERS and MURDOCK, concur.

Senior Judge LEWIS (concurring):

Although I join in upholding the military judge's sentence multiplicity determination, I do not believe we should venture very far beyond this point. While it is appropriate to observe that the result we reach is consistent with *Jobes* and differs from that reached in *Pulliam*, that hardly means that the *Jobes* result represents the "correct" disposition for all similar cases. We recently noted in *United States v. Everstone*, 26 M.J. 795, 796 (C.M.A.1988), that sentence multiplicity claims "must be examined in the context of the specific facts at hand." Resulting determinations as to seemingly indistinguishable factual situations, whether they occur at the trial or appellate level, may well differ from case to case. In fact, when certain common factual scenarios begin to recur with increasing frequency, they will invariably beget differing results, by sheer volume of cases if for no other reason. The results reached are largely dependent upon whose judicial eye is doing the beholding at any given time, whether at the trial level in the first instance or at our level in the second instance.

I assume that when we allude to an overruling of *Pulliam* to the extent it is inconsistent with our holding today we are attempting to bring a sense of order and uniformity to the issue of sentence multiplicity as it relates to a particular type of criminal scheme. However, I would not want to lead Air Force practitioners to conclude that we are attempting to avoid different sentence multiplicity results in all cases that arise that involve wrongful takings of automatic teller cards to facilitate an unauthorized removal of funds from an account. If our holding is perceived in that manner, we may end up inviting more problems than we resolve.

I anticipate that the theft and unauthorized use of a teller card to extract funds from another's account will become a recurring scenario, if that has not already occurred. There is something to be said, of course, for putting a recurring issue to rest and insuring uniformity. The problem with a definitive legal answer to a factually intensive issue is the inevitable need at some future date to fabricate an exception to avoid the anomalous or bizarre result occasioned when a military judge feels compelled to apply the answer in an otherwise inappropriate circumstance. A possible example may occur when an Air Force member passing by an automatic teller machine notes that a teller card with code access information attached thereto has been dropped by some unwary user. On sudden criminal impulse the member wrongfully appropriates the card, places it in the machine, and thereby extracts a certain amount of money from another's account. Are the wrongful appropriation of the card and the theft of money, occurring virtually simultaneously, multiplicious for sentencing? I believe the answer most would give is that the two wrongful takings are multiplicious in this hypothetical situation. I hope our readers are not persuaded that our holding today is authority for the proposition that they should not be considered multiplicious for sentencing.

I would be content to recognize that *Jobes* sets forth an extremely useful discussion of how sentence multiplicity issues should be analyzed. It represents the most definitive source of authority on this subject we have produced in the Air Force to

date. On the other hand, I do not believe we should attempt to declare a given sentence multiplicity result and expect it to be right for all seasons.