**634**

## UNITED STATES

v.

**Airman First Class Jeffrey P. GARNER, FR 255–88–4574, United States Air Force.**

**ACM S28018.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Dec. 1988.

Decided 29 March 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Bernard E. Doyle.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Eric D. Placke.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

### DECISION

KASTL, Senior Judge:

We are called upon to decide whether alleging an overt act is necessary in pleading an attempted larceny specification under the UCMJ. We hold that it is not.

Airman First Class Garner shared a room at Robins Air Force Base, Georgia with Airman First Class Calles. On numerous occasions, Garner saw his roommate withdraw money from a credit union account utilizing an automated teller machine (ATM) card. The appellant learned Calles' personal identification number for accessing the machine. Then, six times from September to October 1988, the appellant wrongfully borrowed Calles' ATM card from their barracks room and used that card—along with Calles' personal identification number—to withdraw $390.00 from Calles' account. After returning from leave, Calles requested that the credit union freeze his account so no more ATM withdrawals could occur. On 26 October 1988, the appellant once again wrongfully appropriated Calles' ATM card and placed it in the credit union machine. Because of Calles' notification to his credit union, the appellant was unable to complete that transaction.

Charged with both wrongful appropriation of the ATM card and attempted larceny for his 26 October conduct, the appellant pleaded guilty. He also pleaded guilty to the other takings in September and October. He was found guilty of all offenses charged by a special court-martial consisting of members. His sentence is a bad conduct discharge, three months confine-

ment, forfeitures of $335.00 per month for six months, and reduction to airman basic.

On appeal, the appellant argues that the findings of guilty as to attempted larceny on 26 October should be set aside because that specification fails to state an offense in that it did not allege an overt act. The appellant argues that proof of an attempt under Article 80, UCMJ, 10 U.S.C. § 880, demands setting forth an overt act amounting to more than mere preparation, done with the specific intent to commit a certain offense under the Code and which apparently tends to effect commission of such offense.

 We disagree. We hold that alleging an overt act is unnecessary in pleading an attempt specification under court-martial procedure. Although the issue has not been addressed recently, our research indicates that such has been the military rule for some 60 years. *See* Philos, *Handbook of Court–Martial Law* 356 (1951), which cites *United States v. Walter*, a World War II case appearing in 23 Board of Review (European Theater of Operations) 255, 258 (1945) (necessity of pleading commission of an overt act eliminated by the 1928 Manual for Courts–Martial). This view has been restated through the years as to both attempted larceny and other offenses involving attempts. *See United States v. Stephens*, 2 (AF) CMR 417, 429 (1949); *United States v. Emerson*, 16 C.M.R. 690, 695 (A.F.B.R.1954); and *United States v. McDonald*, 22 C.M.R. 660, 663 (N.B.R.1956) (attempted larceny). The proposition was approved by the Court of Military Appeals in *United States v. Marshall*, 18 U.S.C.M.A. 426, 40 C.M.R. 138, 143–144 (1969) (fraudulent separation).

There is another reason for affirmance. As appellate Government counsel points out in a well-crafted brief, specifications which are challenged for the first time on appeal are not measured against strict rules of common law pleading. *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A.1986) (omission of the words "without authority" but specification nonetheless held legally sufficient).

In the present case, it was clear that the accused understood the theory of the prosecution; both trial defense counsel and the appellant responded to the military judge's questions that they had not been misled by the language of the specification. In addition, they would be protected against further prosecution for the same offense. Finally, since the defense failed to object prior to entry of pleas of guilty, any possible objection to the form of the specification was waived. R.C.M. 905(b)(2) and 905(e).

We also note that the military judge correctly decided that larceny of the ATM card and subsequent thefts of monies using that card were not multiplicious for sentencing purposes. *See United States v. Fairley*, 27 M.J. 582 (A.F.C.M.R.1988).

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are AFFIRMED.

Senior Judge LEWIS and Judge BLOMMERS, concur.