UNITED STATES, Appellee,

v.

Specialist Francis W. HARRITON, 196–56–7361, United States Army, Appellant.

ACMR 8802706.

U.S. Army Court of Military Review.

30 Oct. 1989.

---

For Appellant: Colonel John T. Edwards, JAGC, Captain Brian D. DiGiacomo, JAGC, Captain Keith W. Sickendick, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before KANE, GILLEY and KOLENDA, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of violating United States Forces Korea Regulation 27–5, a general regulation, by purchasing controlled goods at military exchanges in excess of his personal needs, wrongfully transferring those goods to a person not authorized duty-free import privileges, and wrongfully using a ration control plate made out in the name of another person. Further, pursuant to his pleas, he was found guilty of attempting to violate that regulation by wrongfully purchasing a duty-free item with the intent to transfer it to a person not authorized duty-free import privileges. Contrary to his pleas, the appellant was convicted of stealing the ration control plate and military identification card of another soldier. Those offenses violate Articles 92, 80, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 880, and 921 (1984 Supp.), respectively. The military judge sitting as a general court-martial sentenced the appellant to a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to the grade of Private E1. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for twelve months, forfeiture of $449.00 pay per month for twelve months, and reduction to Private E1.

■ The appellant contends that the military judge erred by denying the trial defense counsel's motion to treat as multiplicious for findings the three specifications alleging violation of the lawful general regulation. We find appellant's conduct properly charged as separate offenses, even though (a) the same goods were involved in each specification, (b) the transactions flowed from wrongful use of another's ration control plate to purchase controlled goods excess to appellant's needs, and (c) the goods were delivered shortly thereafter to an unauthorized person, a Korean national, who had provided the money to make the purchases.

A course of conduct should not result in an unreasonable multiplication of charges. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 307(c)(4) discussion. The appellant cites *United States v. Duncan*, 27 M.J. 185 (C.M.A.1988) (summary disposition), for the proposition that these three violations of the regulation are multiplicious for findings because they involve the same goods. This reliance on *Duncan* is misplaced. That case had separate specifications for the purchase of one set of goods. One specification alleged "purchase of goods for illegal sale and production of income" and the other al-

leged purchase of those goods in excess of personal needs. Here, the actual purchase of the goods is alleged as the gravamen of only one of the specifications. While the wrongful use of another's ration control plate was to purchase the goods, the gravamen of that offense was to conceal the true identity of the purchaser.

Explications in *United States v. Baker*, 14 M.J. 361, 366 (C.M.A.1983), of the rule that substantially one transaction should not result in an "unreasonable" number of charges provide some help here. The specified conduct is not viewed by the Commander, United Forces Korea, as an indivisible crime or a course of conduct prohibited by a single, comprehensive regulatory provision. Instead, involved here are three essential aspects of the command's program to prevent abuse of the treaty-granted right of American servicemembers to enjoy duty-free use of goods in Korea. Moreover, provisions to safeguard each of these three aspects of the program could be violated without violating either of the other two. Concomitantly, the elements of each of those three specifications were different, no offense was a lesser included offense of any one of the other, and the different elements are not fairly embraced in the factual allegations of another of those specifications.

It is superficially appealing that the same goods were involved and that appellant took them straightaway to the waiting Korean. The appellant, however, deliberately chose to use conduct specifically violating the regulation to accomplish the purchase in excess of his needs even though he could have done so without that specifically prohibited ruse. Similarly, he had sufficient time to abandon the transaction, thereby avoiding the making an illegal transfer of the goods to the Korean. *See United States v. Abendschein*, 19 M.J. 619 (A.C.M.R.1984). Accordingly, a single offense was not charged twice. *See United States v. Baker*, 14 M.J. at 367.

 The military judge did properly treat the violations of the regulations and the attempt to do so as multiplicious for sentencing. They were aspects of a single transaction. *See United States v. Baker*, 14 M.J. at 369. However, he miscalculated the maximum confinement as nine years six months rather than two years six months. We find no prejudice from this error. The appellant had eight separate blackmarketing transactions treated as one through the government's drafting of the specifications. The sentence approved was appropriate and would have been adjudged and approved had the error not occurred.

We have also considered the remaining issues raised personally by the accused and they are without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the sentence is affirmed.

Senior Judge KANE and Judge KOLENDA [1] concur.