**UNITED STATES, Appellee,**

v.

**Staff Sergeant Gregory WILLIAMS, 249–43–4294, United States Army, Appellant.**

**ACMR 9201817.**

U.S. Army Court of Military Review.

21 July 1994.

For Appellant: Major Robin L. Hall, JAGC, Captain Thomas D. Wight, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Richard A. Gallivan, JAGC, USAR, Major James L. Pohl,

JAGC, Major Kenneth T. Grant, JAGC, Captain Louis E. Peraertz, JAGC (on brief).

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

LANE, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of five specifications of violating a lawful general regulation, and obstruction of justice, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1988) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, "two-thirds forfeitures at the E1 pay grade" until the discharge is executed, and reduction to Private E1.

The appellant asserts, inter alia, that (1) he was denied his right to counsel when the military judge conducted proceedings with one of the detailed defense counsel absent, and (2) the convening authority erred in the way he assessed partial forfeitures when taking action on the sentence. We hold that the appellant was not denied any right to counsel, and that the convening authority's action, while incomplete, does effect a monthly forfeiture of pay.

### I. Absence of Detailed Counsel

At the initial Article 39(a), UCMJ, session on 24 June 1992, the appellant was represented by Mr. Wesley, his individual civilian counsel, and Captain (CPT) Bartol, a detailed trial defense counsel. As the proceedings got underway, CPT Bartol informed the military judge that he (CPT Bartol) had just been informed that day that CPT Comfort, a defense counsel stationed at another installation, had been detailed by the Regional Defense Counsel to "assist on this case." The

military judge elicited that the appellant had not previously met or seen CPT Comfort, and that CPT Bartol had not communicated or done any case work with CPT Comfort. The appellant did assert, however, that he wanted CPT Comfort "brought up here" to act as one of his counsel. The session then proceeded with challenges against the military judge, the entry of pleas, and a ruling on multiplicity.[1]

Three days later, at a second Article 39(a), UCMJ, session, CPT Comfort was again not present because she believed the next session was still several days away, based on earlier scheduling. The defense stated it was not ready to proceed without her but the military judge went on to obtain a decision as to forum from the appellant. The military judge did not force the defense to proceed with a Jencks Act motion based on a representation that CPT Comfort had particular expertise in this area. There was no assertion by the defense that CPT Comfort had, as of that date, actually consulted with the appellant or either counsel on any substantive matter.

 An accused has the right to be represented before a general court-martial by a military counsel detailed to represent him or her. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 506(a) [hereinafter MCM, 1984 and R.C.M.]. The Court of Military Appeals has been "extremely protective of the relationship between an accused and his detailed counsel. Once counsel has been detailed *and an attorney-client relationship established,* that relationship may only be severed for good cause shown." *United States v. Hanson,* 24 M.J. 377, 379 (C.M.A.1987) (citations omitted) (emphasis added). The emphasized portion of the foregoing rule is of great significance. An attorney-client relationship is not created by the mere designation (detail) of counsel. *United States v. Brady,* 8 U.S.C.M.A. 456, 460, 24 C.M.R. 266, 271 (1957); *United States v. Nichols,* 8 U.S.C.M.A. 119, 23 C.M.R. 343

---

1. Appellate defense counsel characterizes the latter event as the litigation of a motion. More precisely, the military judge recognized that the defense would want to make a multiplicity motion and then stated his ruling, that the govern-

ment could proceed with alternate charges but he would allow conviction on only one of the two theories. Neither counsel presented any argument, so it would be hard to say that CPT Comfort missed the litigation of an important motion.

(1957). If the accused has never consulted or communicated with the counsel, no attorney-client relationship is created. *Brady*, 8 U.S.C.M.A. 456, 24 C.M.R. 266; *see United States v. Iverson*, 5 M.J. 440, 443 (C.M.A. 1978) (certain prerequisites required for creation of proper attorney-client relationship). Military courts have consistently emphasized this relationship in ruling that a denial of counsel has or has not occurred. *See United States v. Baca*, 27 M.J. 110 (C.M.A.1988); *United States v. Catt*, 1 M.J. 41 (C.M.A. 1975); *United States v. Eason*, 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972); *United States v. Murray*, 20 U.S.C.M.A. 61, 42 C.M.R. 253 (1970); *United States v. Thomas*, 33 M.J. 694 (A.C.M.R.1991), *pet. denied*, 38 M.J. 174 (C.M.A.1993). As the appellant has not shown that he had entered into a viable attorney-client relationship with CPT Comfort prior to the two Article 39(a) sessions in question, he has failed to establish a claim that he was denied his right to her counsel. The appellant had the capable assistance of both his individual civilian counsel and his first detailed military counsel (with whom he had established an attorney-client relationship) at both sessions. Therefore, there was no denial of his right to counsel under Article 38, UCMJ.

## II. Action on Sentence

 The maximum forfeiture allowable absent concurrent confinement is "two-thirds pay for any month" in which forfeitures apply. R.C.M. 1107(d)(2) discussion. Allowances are subject to forfeiture only when the sentence is to total forfeitures. R.C.M. 1003(b)(2). Furthermore, anything less than total forfeitures is to be stated in an "exact amount in whole dollars to be forfeited each month and the number of months the forfeiture will last." *Id.* A convening authority may mitigate forfeitures so long as the total

amount forfeited is not increased, and neither the amount nor the duration of the forfeitures exceeds the court-martial's jurisdiction. R.C.M. 1107(d)(1) discussion.

In his 26 October 1992 post-trial recommendation, the SJA recognized the excessive forfeiture adjudged by the court-martial but, contrary to the above-stated rules, recommended approval of "only two-thirds forfeitures of all pay and allowances at the pay grade of E1."[2] The rules were further ignored in the phrasing of the convening authority's action which states, in pertinent part,

the sentence is approved with the exception that forfeitures shall be mitigated from total forfeitures to two-thirds forfeitures at the E1 pay grade. The forfeitures shall apply from this point, the date of action, until the discharge is executed. The approved sentence, except for that part of the sentence extending to a bad-conduct discharge, will be executed.[3]

 It has been held that when the sentence announced by a court-martial fails to specify that the forfeitures are in an amount "per month," then the forfeitures are for one month. *United States v. Henderson*, 21 M.J. 853 (A.C.M.R.), *pet. denied*, 22 M.J. 244 (C.M.A.1986). On the other hand, this court has upheld a "duration" stated in terms of an event (until the discharge is executed) rather than in a precise number of months. *United States v. Bowen*, 29 M.J. 779 (A.C.M.R.1989), *pet. denied*, 32 M.J. 5 (C.M.A.1990). Finally, when an action is "incomplete, ambiguous, or contains clerical error," we may direct its withdrawal and the substitution of a corrected action. R.C.M. 1107(g). We hold that the action, in stating the terms of the convening authority's "mitigation" of the forfeitures, is incomplete. We can correct this flaw without

**2.** In his 30 November 1992 addendum to his post-trial recommendation, the SJA rephrased this advice to "forfeitures shall be mitigated from total forfeitures to two-thirds forfeitures at the E1 pay grade." This too is inaccurate and does not correct the earlier incorrect advice as to the forfeiture of allowances.

**3.** The correct action for this case would have been as follows:

In the case of ... only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $528.00 pay per month until such time as the bad-conduct discharge is executed, and reduction to the grade of Private E1 is approved and, except for the part of the sentence extending to a bad-conduct discharge, will be executed.

MCM, 1984, app. 16, Forms for Action, at A16–2 (Form 12).

having to return the case to the convening authority for a new action.

■ This action is incomplete in three of four particulars—the dollar amount, the entitlement against which it is to be applied (that is, pay or allowances), and that it is a monthly forfeiture. Only the duration ("until the discharge is executed") is precise. As a learned profession, the law has for centuries followed precise procedures and forms which have exact legal significance. This is no less true with respect to the important judicial function of a convening authority's action. Court-martial actions are precise legal forms with very specific meaning; the Manual for Courts–Martial contains six pages of forms for a variety of actions. MCM, 1984, app. 16, Forms for Action. Drafting actions is not an exercise in creative writing. In failing to follow the forms provided, the SJA and convening authority have required this court to interpret what should otherwise be a clear and unassailable sentence approval.

Turning to this task, it is not unreasonable to read the phrase "forfeiture of all pay and allowances" to mean "forfeiture of all pay and allowances per month until the date of discharge," employing the "formula" set out in R.C.M. 1003(b)(2). The question is can we then read the convening authority's mitigation of this punishment so as to preserve the elements of this "formula?" First, we know that by law partial forfeitures only apply to pay so implicit in the approved "two-thirds forfeitures" is the limitation to pay only. Next, we can calculate what two-thirds of the pay of a Private E1 was in the nearest whole dollars ($528.00). *See United States v. Roman,* 22 U.S.C.M.A. 78, 82, 46 C.M.R. 78, 82 (1972). So we can now "rewrite" the action to read, in pertinent part, "forfeitures shall be mitigated from total forfeitures to $528.00. The forfeitures shall apply from this point, the date of action, until the discharge is executed."

What remains missing is the phrase "per month." As noted in *Henderson,* this failure is "fatal" in an announced sentence left unrevised. 21 M.J. at 854. But we are not dealing with an announced sentence, but with a convening authority's action. *United States v. Foster,* 39 M.J. 846, 848 (A.C.M.R. 1994). In a case where the convening authority failed to specifically state that the discharge was approved ("approving" only lesser amounts of confinement and forfeitures than originally adjudged), the Court of Military Appeals held that the convening authority's suspension of the discharge in the second sentence of the action constituted an implicit approval of the discharge. *United States v. Loft,* 10 M.J. 266 (C.M.A.1981). In our restatement of total forfeitures to match the Rules formula, we used "per month" as part of the restatement because all active duty soldiers are entitled to pay on a monthly basis. Pay and Allowances of the Uniformed Services, 37 U.S.C. §§ 203–04 (1988). The very use of the term "forfeiture" implies that entitlement continues, but is lost as soon as it vests. Applying the *Loft* approach to this action, it is clear that in mitigating the amount of forfeitures from all to two-thirds and stating that the forfeitures continue over a period of time greater than a single month, the action implicitly provides that the forfeiture is monthly.

The remaining assertions of error, to include those raised personally by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty are affirmed. Restating the sentence on the basis of the errors in form noted, the court affirms only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $528.00 pay per month until such time as the bad-conduct discharge is executed, and reduction to Private E1.

Senior Judge WERNER and Judge RUSSELL concur.